## JOHNSON v. MISSOURI PACIFIC TRANSP. CO. et al.

### No. 12680.

District Court, E. D. Missouri, E. D.

Dec. 2, 1938.

Henry S. Janon, of St. Louis, Mo., for plaintiff.

George F. Johnson and Charles E. Wells, both of St. Louis, Mo., for defendants.

COLLET, District Judge.

This cause is pending on motion to remand. The petition was filed in the Circuit Court of the City of St. Louis, January 19, 1938, alleging that plaintiff was injured as a result of the careless and negligent operation of a bus in which she was a passenger and which was operated and controlled by the defendant Missouri Pacific Transportation Company. There was no other defendant named in that petition. The amount sued for was $3,000. Summons was issued on the same day and served on January 21, 1938. On the return day defendant filed a general demurrer. No action was taken on the demurrer. June 22, 1938, plaintiff filed an amended petition by leave of court amplifying in many respects the original petition and joining R. E. David, the driver of the bus, as a defendant. The amended petition charges that while the bus was being operated by the defendant David it was negligently and carelessly caused to "jerk, jar, jolt and sway" in an unusual and violent manner causing plaintiff's injuries. The amended petition asked damages in the amount of $10,000. David is and was a resident and citizen of Missouri. The next record entry appearing in the transcript is that showing the filing, on June 24, 1938, of the notice, petition and bond for removal. The removal petition alleges fraudulent joinder of David upon the ground that the petition states no cause of action against him. It is further alleged, in effect, that the action is severable as to defendant Transportation Company because no request had been made for an order directing the issuance of summons requiring David's appearance and, therefore, David was not a party defendant. The motion to remand takes issue with the allegations relative to fraudulent joinder and alleges in general terms that the action is not separable but does not deny that no request was made for

an order directing the issuance of summons to David.

There is no fraudulent joinder shown. The petition may or may not charge negligence against defendant David in conventional terms. This court is not concerned with the form of the specific allegations of negligence, on motion to remand, if the facts stated disclose a cause of action against the resident defendant, although imperfectly stated.

The Missouri Statute (Sec. 724, R.S. Mo.1929, Mo.St.Ann. § 724, p. 940) provides that: "The filing of a petition in a court of record, * * * *and suing out of process therein*, shall be taken and deemed the commencement of a suit"—and (Sec. 820, R.S. Mo.1929, Mo.St.Ann. § 820, p. 1087): "When a complete determination of the controversy cannot be had without the presence of other parties, the court may order them to be brought in by an amendment of the petition, or by a supplemental petition *and a new summons*."

The rule is well established in Missouri that in the absence of an express direction to the contrary, the filing of a petition amounts to an order to the clerk to issue process in the cause. McGrath v. Ry. Co., 128 Mo. 1, 9, 30 S.W. 329; State ex rel. v. Wilson, 216 Mo. 215, 115 S.W. 549; State v. Davis, Mo.App., 190 S.W. 964; State ex rel. v. Bates, Mo.App., 286 S.W. 420; Norton v. Reed, 281 Mo. 482, 221 S.W. 6. The rule is otherwise where express direction not to issue process is given. Franz v. Radeackar, Mo.App., 264 S.W. 97; McCormick v. Clopton, 150 Mo.App. 129, 130 S.W. 122. Therefore, the action was "commenced" against defendant David upon the filing of the amended petition unless, as defendant Transportation Company contends, Rule 21 of the Rules of Practice of the Circuit Court of the City of St. Louis, requires affirmative action directing that summons be issued when a new party is brought in by amendment, before the action may be said to have been "commenced" against the new defendant. That rule is as follows: "Amended Pleadings—Service of Copies: Whenever before trial any change of, or in pleadings is made, or pleadings are filed by leave (or otherwise), after the time fixed by law or rule for pleading, the proper party shall serve a copy of such pleadings or amendment upon the adverse party or his attorney in the manner prescribed by law for the service of notices; and unless otherwise ordered, any appropriate pleading

thereto shall be filed within three secular days after such service."

The above quoted rule apparently applies to the service of amended pleadings, etc., upon parties already in court and was not intended to require notice to the clerk to issue summons or in the absence of notice to withhold process.

It is asserted that the cases of Berry v. St. Louis, etc., R. Co., C.C., 118 F. 911, Galehouse v. Baltimore, etc., R. Co., D.C., 274 F. 370, Carlisle v. Sunset, etc., Co., C.C., 116 F. 896, and Hunt v. Pearce, 8 Cir., 284 F. 321, are authority for retention of jurisdiction under the circumstances of this case.

In the Berry Case there was no service on the resident defendant, the cause was removed and remanded. Thereafter when the cause was called for trial the non-resident defendant requested the court to require plaintiff to make some announcement as to the resident defendant which had not been served. Plaintiff declined to state whether a dismissal or continuance was desired as to the resident defendant *but demanded that the cause proceed to trial as to the non-resident defendant*. Thereupon the non-resident defendant filed petition and bond for removal. Under those circumstances the court held that plaintiff's action in demanding that the trial proceed as to the non-resident defendant alone constituted a voluntary abandonment of the right to a joint judgment and confined the question of jurisdiction to an inquiry as to the jurisdiction of the parties then before the court. The facts in the case at bar are materially different. In the present case there is at most a failure to take affirmative action to cause the issuance of summons. In view of the rule announced by the Supreme Court of Missouri that no affirmative action is necessary its absence cannot operate as a waiver.

In Galehouse v. Baltimore & O. Ry. Co., supra, although the court stated that the action pending was against the non-resident defendant alone since the resident defendants had not been served, it does not appear what the provisions of the Ohio Statute are concerning the commencement of actions. It does appear, however, that under the law of Ohio the joinder of the resident defendants was forbidden, with the result that the action was severable as to the non-resident defendant. In view of the rule in Missouri above referred to this case is not authority in the present case.

In the case of Carlisle v. Sunset Telephone & Telegraph Company, supra, the reference to lack of service was based upon the provisions of the Code of the State of Washington, which are dissimilar to the Missouri Code, and hence the ruling is not persuasive.

Hunt v. Pearce is an opinion of the Circuit Court of Appeals of this Circuit. It deals with the right of one non-resident defendant to alone remove the cause without being joined in the application by the other non-resident defendant. The court held that since the removing defendant was the only one served he might lawfully remove the case without action by the other non-resident defendant who had not been served. Obviously, the question under consideration in that case was whether it was necessary that all non-resident defendants join in the application and was certainly not a ruling that lack of service would, under the Missouri Statute, result in severability.

The motion to remand must be sustained. It is so ordered.