**SCHINDLER v. WABASH R. CO. et al.**

**No. 362.**

United States District Court
W. D. Missouri, Central Division.
Nov. 9, 1948.

Alexander, Ausmus and Harris, of Columbia, Mo., for plaintiff.

Clark, Boggs, Peterson, & Becker, of Columbia, Mo., for defendants.

REEVES, District Judge.

Several questions have been raised by the parties on the motion to remand in this case. The plaintiff is a resident of Missouri and the corporate defendant is a non-resident. Two local defendants fictitiously named as John Doe and Richard Roe were joined as defendants.

The averments of the complaint are sufficient to show joint liability. However, the corporate removing defendant alleged that such averments were merely colorable and that there was no intention on the part of plaintiff to endeavor to obtain judgment against said resident defendants. The petition to remove contains a further averment, " * * * that upon the filing of this action the plaintiff instructed the Clerk of the Circuit Court of Boone County, whose duty it is to issue summons upon filing of action, to withhold the issuance of summons upon said John Doe and Richard Roe until the plaintiff should furnish further information concerning their identity; that pursuant to said instruction and direction of plaintiff the Clerk of the Circuit Court refrained from and did not issue any summons against the said defendants John Doe and Richard Roe and did not deliver any summons to the Sheriff of Boone County or to the sheriff of any county in the State of Missouri for service upon the said John Doe and Richard Roe; * * *."

The motion to remand does not in any way deny the averments of the petition to remove. Plaintiff is content with the assertion that this court is without jurisdiction for the reason that the fictitiously named defendants are residents of the State of Missouri and that a joint cause of action is stated in the complaint.

■ 1. It is entirely permissible for a plaintiff to give fictitious names to local defendants, as in this case. Pullman Co. v. Jenkins, 305 U.S. 534, loc. cit. 540, 59 S.Ct. 347, 350, 83 L.Ed. 334, where the court said: "We think that the fact that the Pullman porter was sued by a fictitious name did not justify removal. His relation to the Pullman Company and his negligence as its servant were fully alleged. See Grosso v. Butte Electric Ry. Co., D.C., 217 F. 422."

And it is immaterial that service of process was not had upon the fictitiously named joint defendants. In the same case (Pullman Co. v. Jenkins, supra) the Supreme Court said, 305 U.S. loc. cit. 541, 59 S.Ct. loc. cit. 350, 83 L.Ed. 334: "In that case the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant."

■ 2. A more serious question is presented by the failure of the plaintiff to deny the averments of the petition to remove to the effect that the Clerk of the Circuit Court of Boone County was instructed by plaintiff's counsel not to issue the summons to the fictitiously named defendants. Under Section 876, R.S.Mo.1939, Mo.R.S.A., "Suits may be instituted in courts of record * * * by filing in the office of the clerk of the proper court a petition * * * and suing out thereon a writ of summons against the person * * *."

Judge Collet, formerly of this court but now of the Court of Appeals, in Johnson v. Missouri Pacific Transp. Co., D.C., 25 F. Supp. 692, 693, collated the law on questions arising on facts similar to this, as follows: "The rule is well established in Missouri that in the absence of an express direction to the contrary, the filing of a petition amounts to an order to the clerk to issue process in the cause."

Many authorities were cited by Judge Collet to support this principle. If, therefore, the plaintiff had given no instructions whatever to the Clerk, the action would have been considered as instituted upon the filing of petition. However, in this case the Clerk was instructed not to issue process and upon that fact Judge Collet said: "The rule is otherwise where express direction not to issue process is given."

In a proper manner Judge Collet supported this principle with a wealth of authorities.

■ In view of the foregoing facts, therefore, the corporate removing defendant was the only party to the controversy at the time the petition for removal was filed and since it was a controversy solely between a resident and non-resident de-

fendant the right of removal was complete. Carlisle et al. v. Sunset Telephone and Telegraph Co., C.C., 116 F. 896; Galehouse v. Baltimore & O. R. Co. et al., D.C., 274 F. 370. It would have been permissible for the plaintiff to have put in issue the question of the alleged instructions to the clerk but that was not done, and in the case of Wilson v. Republic Iron & Steel Co., 257 U.S. 92, loc. cit. 97, 42 S.Ct. 35, 37, 66 L.Ed. 144, the Supreme Court said: "But if the plaintiff does not take issue with what is stated in the petition, he must be taken as assenting to its truth, and the petitioning defendant need not produce any proof to sustain it."

The same thing was announced in Leonard v. St. Joseph Lead Co., 8 Cir., 75 F.2d 390; Donovan v. Wells, Fargo & Co., 8 Cir., 169 F. 363, 22 L.R.A.,N.S., 1250.

It would follow from the above that the action instituted was one involving a complete diversity of citizenship. Green v. Ferguson, Mo.App., 184 S.W.2d 790, loc. cit. 792.

The motion to remand should be overruled. It will be so ordered.