**SCHINDLER v. WABASH R. CO. et al.**

No. 362.

United States District Court
W. D. Missouri, C. D.

June 8, 1949.

Alexander, Ausmus & Harris and Warren D. Welliver of Columbia, Missouri, for plaintiff.

Clark, Boggs, Peterson & Becker (Will Nelson), of Columbia, Missouri, for defendants.

DUNCAN, District Judge.

Plaintiff originally instituted this suit in the Circuit Court of Boone County, Missouri, against the Wabash Railroad Company, John Doe and Richard Roe. It was alleged that defendant Wabash Railroad Company was a non-resident corporation, and that John Doe and Richard Roe were

residents of Missouri. The complaint alleged a joint cause of action.

At the time the petition was filed in the State Court, counsel for the plaintiff instructed the clerk of the court not to issue summons for John Doe and Richard Roe. Thereafter the defendant Wabash Railroad Company filed its petition and bond for removal and the cause was removed to this court. Plaintiff then filed a motion to remand.

In a Memorandum Opinion written by Judge Reeves, Schindler v. Wabash Railroad Co. et al., D.C., 80 F.Supp. 685, 686, plaintiff's motion to remand was overruled and the cause remained in this court. In his opinion Judge Reeves said: "In view of the foregoing facts, therefore, the corporate removing defendant was the only party to the controversy at the time the petition for removal was filed and since it was a controversy solely between a resident and non-resident defendant the right of removal was complete." (Authorities cited to sustain this principle.)

Thereafter, by leave of court, the plaintiff filed an amended complaint in this court, joining as defendants, L. Briscoe and E. W. Weber, engineer and fireman on the engine of the defendant railroad at the time of the alleged injury to the plaintiff. As in the original petition, a joint cause of action was alleged against the non-resident defendant and the resident defendants.

Plaintiff has now filed a second motion to remand on the ground that by joining the resident defendants there is no longer diversity of citizenship and therefore this court no longer has jurisdiction. It is the contention of the non-resident defendant, the Wabash Railroad Company, that jurisdiction having been once acquired by this court, it cannot be divested of that jurisdiction by the filing of an amended complaint making resident defendants parties to the action and thus destroying diversity of citizenship.

Almost the identical question was before Judge Reeves in Galbraith v. Bond Stores, Inc., D.C., 4 F.R.D. 319. There the action was brought by a resident plaintiff in the state court against a non-resident defendant alone. The case was then removed to the Federal court by the non-resident defendant, and thereafter by leave of court and by consent of the defendant, leave was granted to the plaintiff to file an amended complaint making a resident defendant a party. Judge Reeves sustained a motion to remand the case to the state court. The only difference between that case and this one is that the amended complaint in the Galbraith case was filed with consent on the non-resident defendant. So far as jurisdiction is concerned, the question of consent would not change the principle involved.

■ The general rule was discussed in a per curiam opinion of the Court of Appeals for the 8th Circuit in Highway Construction Co. et al. v. McCelland, 15 F.2d 187, 188. There the court said: "While it is the general rule that jurisdiction, once having attached, will not be divested by subsequent events, yet there is this exception to the rule: The plaintiff, after jurisdiction has attached, may so change his pleading voluntarily that the court will no longer have jurisdiction on the face of the pleading. If this is done, it then becomes the duty of the court to remand the case, if it be a removed case." (Citing numerous authorities.)

So in this case, when the resident defendants were joined in the amended complaint, diversity of citizenship no longer existed and this court was without jurisdiction.

■ The question now presents itself as to whether plaintiff's complaint should be dismissed or whether the case should be remanded to the state court. The non-resident defendant insists in its suggestions in opposition to the motion to remand, that under the opinion of Judge Reeves on the previous motion to remand, that the non-resident defendant was the only party to the action, and that the case cannot be remanded to the state court. With this contention I cannot agree. I believe that the court may either dismiss the case or remand it.

Judge Reeves also had this question before him in the Galbraith case, supra. I think no good purpose could be served by dismissing the case. It could be refiled in the state court on the same complaint that

is before this court, and would not be removable to this court.

Therefore the motion to remand is hereby sustained and the case remanded to the Circuit Court of Boone County, Missouri. It is so ordered.