**Phyllis J. CANICH, Plaintiff,**

v.

**PACIFIC GREYHOUND LINES, a corporation, and Leslie L. Thomas, Defendants.**

**Civ. No. 9399.**

United States District Court
D. Oregon.

May 7, 1958.

Nels Peterson, Peterson, Pozzi & Lent, Portland, Or., for plaintiff.

John Gordon Gearin, Koerner, Young, McColloch & Dezendorf, Portland, Or., for defendants.

EAST, District Judge.

The plaintiff, a citizen of the State of Oregon, instituted this action in the Circuit Court of the State of Oregon for Multnomah County against The Greyhound Corporation, a corporation of the State of Delaware (Greyhound), and one John Doe (whose true name now appears to be "Thomas"), claiming personal injuries negligently caused when plaintiff disembarked from a passenger bus owned by Greyhound and being operated by John Doe (Thomas). The cause reached issue on or about December 4, 1956. On September 25, 1957, the Presiding Judge of the Circuit Court called the case and plaintiff, through counsel, announced "Ready for trial" and the cause was set for trial on September 27, 1957. The then-defendant John Doe was never served with process from said Circuit Court.

On September 25, 1957, Greyhound, by its petition, removed the cause to this Court. Greyhound, being a non-resident and the only defendant to the cause, it is evident that the requisite diversity of citizenship existed. See Smith v. Southern Pacific Co., 9 Cir., 1951, 187 F.2d 397.

On January 16, 1958, this Court, pursuant to stipulation of the parties, granted the plaintiff leave to file an amended complaint herein naming Greyhound and Thomas as defendants. Process of this Court has been served upon the defendants on and prior to February 6, 1958.

On February 5, 1958, and February 14, 1958, Greyhound and Thomas, respectively, moved for an order of this Court dismissing plaintiff's amended complaint and cause upon the grounds of alleged lack of diversity, the defendant Thomas being a citizen of Oregon. These motions are pending in this Court, but not submitted.

On February 20, 1958, the plaintiff moved this Court for an order remanding this cause to the aforesaid Circuit Court. This motion is now for consideration and presents this question: What is the effect upon this Court's jurisdiction of the order of this Court, pursuant to the stipulation of all parties allowing plaintiff to amend her complaint in this Court

and to name the Oregon resident defendant Thomas as a codefendant with Greyhound? It is self-evident that Thomas is a proper but not an indispensable party defendant to plaintiff's action. The relevant statute reads:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs." 28 U.S.C.A. § 1447(c).

If "without jurisdiction" means, and it seems to, that this Court be without jurisdiction *at the time of removal,* then this Court is of the opinion that at the time of removal there was jurisdiction in this Court,[1] and, further, that the case was not improvidently removed. However, if "without jurisdiction" refers also to any time subsequent to removal, or even aside from the statute entirely, if the addition of a resident defendant by the amendment of the complaint has destroyed the jurisdiction in this Court because diversity is no longer existent, then certainly this Court must not continue the cause, and remand would be the most appropriate alternative path out of this dilemma.

Absent the consent of the defendant via stipulation, the Eighth Circuit has met the issue herein head on, stating:

"While it is the general rule that jurisdiction, once having attached, will not be divested (sic) by subsequent events, yet there is this exception to the rule: The plaintiff, after jurisdiction has attached, may so change his pleading voluntarily that the court will no longer have jurisdiction on the face of the pleading. If this is done, it then becomes the duty of the court to remand the case, if it be a removed case." Highway Construction Co. v. McClelland, 8 Cir., 1926, 15 F.2d 187, 188.

This decision has been followed by the lower courts in that circuit in Schindler v. Wabash R. Co., D.C.Mo.1949, 84 F. Supp. 319, and in Galbraith v. Bond Stores, Inc., D.C.Mo.1945, 4 F.R.D. 319, wherein the defendant nonresident consented to amendment of the complaint. The reasoning and authority on this point of Southern Pacific Co. v. Haight, 9 Cir., 1942, 126 F.2d 900, was thoroughly discussed and rejected. Other cases following this view are Hoskie v. Prudential Ins. Co. of America, D.C.N.Y.1941, 39 F.Supp. 305; Johnson v. G. J. Sherrard Co., D.C.Mass.1941, 2 F.R.D. 164. (Amendment to bring in resident defendant not allowed after removal, because to do so would destroy Federal jurisdiction.)

Necessity requires an inquiry into what the decisions in this Circuit have stated. The intervention (voluntary) of a defendant having the same citizenship as the plaintiff will not destroy diversity jurisdiction. Northeast Clackamas County Electric Co-operative v. Continental Casualty Co., 9 Cir., 1955, 221 F.2d 329, cited therein; Wichita R. & Light Co. v. Public Utilities Commission of the State of Kansas, 1922, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124, an intervention case. An intervention differs from the addition of a defendant by an amended complaint in that an intervening defendant is normally, ancillary to the main action over which the Court has prior jurisdiction. Once a case is properly removed, the Court need not allow the plaintiff leave to amend so as to bring in any other than an indispensable defendant. Southern Pacific Co. v. Haight, supra. However, once such an amendment is allowed, diversity jurisdiction is destroyed. Pacific Gas & Electric Co. v. Fibreboard Products, Inc., D.C.Cal.1953, 116 F.Supp. 377; La Salle v. Firestone Tire & Rubber Co., D.C.N.Y. 1956, 146 F.Supp. 376; Dollar S. S. Lines, Inc., v. Merz, 9 Cir., 1934, 68 F.2d 594.

---

1. This not being an appropriate setting for the application of the doctrine of relation back of the amended complaint.

Pullman Co. v. Jenkins, 1939, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334.

Defendant having consented by stipulation that plaintiff amend her complaint for the purpose of making a record for its own motion of dismissal on grounds of lack of diversity jurisdiction, will not now be heard to complain if this case is remanded to the State Court.

Plaintiff's motion to remand is granted, this cause should be remanded to the Circuit Court of the State of Oregon from whence it came, each party to pay his own costs. Counsel for plaintiff may submit appropriate order.