Nathaniel LEWIS and Home Indemnity Company, a corporation, Plaintiffs,

v.

PRODUCERS COOPERATIVE OIL MILL, a corporation, and St. Louis-San Francisco Railway Company, a corporation, Defendants.

No. 13175-1.

United States District Court
W. D. Missouri, W. D.

May 23, 1962.

Louis A. Silks, Jr. (Silks, Silks & Curtis), Kansas City, Mo., for Nathaniel Lewis.

Glenn McCann (Knipmeyer, McCann & Millett), Kansas City, Mo., for Home Indemnity Company.

Reed O. Gentry and Gene Morris (Rogers, Field & Gentry), Kansas City, Mo., for Producers Cooperative Oil Mill.

Thomas E. Deacy (Deacy & Deacy), Kansas City, Mo., for St. Louis-San Francisco Railway Company.

BECKER, District Judge.

This cause comes to Division No. 4 on reassignment as a result of the recent vacancy in Division No. 1. The plaintiff Lewis, who is a citizen of Missouri, and his subrogated insurer, instituted this action in the Circuit Court of Jackson, County, Missouri (at Kansas City) against Producers Cooperative Oil Mill, an Oklahoma corporation, and the St. Louis-San Francisco Railway Company (hereinafter referred to as Frisco), a Missouri corporation. The action is based on alleged acts of negligence of the defendants claimed to have caused plaintiff, Nathaniel Lewis, to be injured when struck by a bale of cotton linter which fell from a boxcar.

Defendant Producers Cooperative Oil Mill was served by attachment in the state court. However, in the state court the issuance of summons for defendant Frisco was withheld at the direction of the plaintiffs. With the cause in this condition, defendant Producers Cooperative Oil Mill removed the action to this Court, and filed its general appearance. Then at plaintiffs' request the Clerk of this Court issued summons for defendant Frisco, which was duly served by the Marshal of this Court.

Defendant Frisco now moves to dismiss this action as to it, and plaintiffs move to remand the action to the state court. Both assert lack of diversity of citizenship as the basis of their motions. The questions raised by these motions involve (1) the effect of plaintiffs' order that no summons issue for defendant Frisco in the state court, and (2) the propriety of serving defendant Frisco after removal to this Court, thereby destroying diversity of citizenship, the basis of the removal to this Court.

In an action in a state court by a resident plaintiff against resident and non-resident defendants, mere failure to serve the resident does not entitle the non-resident to remove the action to the federal district court if under state law the action is actually commenced against all defendants. Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334. The rule is otherwise where the resident plaintiff by his conduct abandons the joint character of the claim against the resident and non-resident defendants. Southern Pac. Co. v. Haight (C.A.9) 126 F.2d 900 (somewhat overstating the effect of Pullman Co., supra).

In Missouri an action is commenced by the filing of a petition in a proper court and the suing out (or ordering) of process thereon. Missouri Civil Rule, 53.01, V.A.M.R. Furthermore, in Missouri the rule is that, in absence of express direction to the contrary, the filing of the petition amounts to an order to the clerk to issue process in the action. Missouri Civil Rule, 54.01. But, where there is express direction by the plaintiff not to issue summons on one or more defendants, the rule is otherwise, and the action is deemed not commenced against those defendants. Johnson v. Missouri Pacific Transp. Co. (E.D.Mo.) 25 F.Supp. 692, and Missouri cases therein cited.

In this case, the petition for removal alleged that plaintiffs directed the Clerk of the Jackson County, Missouri

Circuit Court not to issue summons for defendant Frisco. Plaintiffs did not controvert this averment in their motion to remand, and thereby assent to its truth. Therefore, the removal of this action was proper. Schindler v. Wabash R. R. Co. (W.D.Mo.) 80 F.Supp. 685.

However, after removal, plaintiffs directed the Clerk of this Court to issue summons for Frisco under Title 28, U.S. C. § 1448. This statute allows any federal district court, in an action removed from any state court, to serve defendants not served with process in the state court in the same manner as in cases originally filed in federal district court. Service upon Frisco of the summons, so issued, had the effect of destroying diversity of citizenship in this cause and divested this Court's jurisdiction to hear and determine the cause. In an analogous situation, in the second decision in the Schindler case, plaintiff amended his complaint, with leave of court, to join a resident defendant, fictitiously named in the state court. Thereafter, plaintiff's second motion to remand was sustained. Schindler v. Wabash R. R. Co. (W.D.Mo.) 84 F.Supp. 319.

The authorities differ as to whether an amendment to the complaint should be allowed after removal when diversity of citizenship, and thereby the court's jurisdiction, would be destroyed. 1A Moore, Federal Practice, ¶ 0.161(1), p. 530 (2d ed. 1961); 1 Barron & Holtzoff, Federal Practice and Procedure, § 109, pp. 541–2 (1960). But, this case does not involve an amendment to the complaint to add a new party. Here the resident was already named as a party defendant. Under such circumstances no special leave of court was required to cause summons to issue to the named defendant. Rule 4(a), F.R.C.P., Title 28 U.S.C. § 1448.

Because diversity of citizenship has been destroyed in this action by service upon defendant Frisco, this cause must either be dismissed or remanded to the state court. Title 28, U.S.C. § 1447 (c). No good purpose would be served in dismissing this case for lack of jurisdiction, since it could be refiled in the state

court. Schindler v. Wabash R. R. Co. (W.D.Mo.) 84 F.Supp. 319, l. c. 320–321; Heintz v. Ohio Casualty Ins. Co. (S.D. Cal.) 112 F.Supp. 199; compare Pacific Gas & Electric Co. v. Fibreboard Products (N.D.Cal.) 116 F.Supp. 377.

Deducible from these cases is the rule that the district court possesses at least the power to remand. To the extent that a judicial discretion is involved, it is exercised in this case to remand. It is not necessary to determine whether a power to dismiss without prejudice is possessed by this Court. It is therefore

ORDERED that this cause be, and it is hereby, remanded to the Circuit Court of Jackson County, Missouri, at Kansas City. It is further

ORDERED that defendant Frisco's motion to dismiss be, and the same is hereby, overruled.