**William John BEGLANE, Plaintiff,**

v.

**Carol J. SWITZER and John B. Frasier,**
**Defendants.**

**No. 13937-1.**

United States District Court
W. D. Missouri, W. D.

Oct. 30, 1962.

Sniezek & Jones, Kansas City, Mo.,
for plaintiff.

Sheridan, Baty, Markey, Sanders, Edwards & Carr, Kansas City, Mo., for defendant Switzer.

Swanson, Midgley, Jones, Blackmar & Eager, Kansas City, Mo., for defendant Frasier.

JOHN W. OLIVER, District Judge.

This case pends on plaintiff's motion to remand to the Circuit Court of Jackson County, Missouri, at Kansas City.

Plaintiff, a passenger in defendant Frasier's automobile, was allegedly injured when that automobile collided with defendant Switzer's automobile. Plaintiff and defendant Frasier are residents of Missouri; defendant Switzer is a resident of Kansas.

Defendant Switzer, the Kansas resident, filed her petition for removal alleging that "plaintiff did not at the time of filing said petition nor at any time thereafter order the service of summons * * upon (defendant) Frasier"; that plaintiff in the state court "specifically ordered (the) sheriff of Jackson County not to serve any summons and a copy of petition on (defendant) Frasier but to hold service"; that "pursuant to said 'hold' order of plaintiff (the) sheriff of Jackson County has deliberately not effected service * * * and has deliberately made no effort to attempt to effect such service;" and that under these circumstances it may be said that plaintiff "has not commenced any action against (defendant) Frasier" and that plaintiff, by indicating as "aforesaid his intention to not to attempt and to not effect service upon said (defendant) Frasier, has improperly attempted to join said Missouri resident for the sole purpose of preventing removal to the United States District Court and defeating the jurisdiction of that court".

Defendant Frasier was served after this case was removed to this Court. In his answer filed in this Court, although expressly admitting that he is a resident of Missouri, nevertheless he prays that

this Court "assert and maintain jurisdiction over the parties".

Plaintiff's motion to remand was filed after service had been obtained upon Frasier and after Frasier had answered.

The point of beginning is Pullman Co. v. Jenkins, 305 U.S. 534, 541, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939), in which Mr. Chief Justice Hughes made clear that "the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant".

■ Defendant Switzer directs our attention to Rule 53.01 of the Missouri Rules of Civil Procedure, V.A.M.R. which provides that "the filing of a petition and suing out of process therein shall be deemed the commencement of a civil action" and also calls attention to the well-settled rule of decision in Missouri to the general effect that when a plaintiff files a petition and then directs the clerk not to complete service, the suit, for state purposes, shall not be deemed to have been commenced. Judge Collet collected the cases in Johnson v. Missouri Pacific Transp. Co. (E.D.Mo.1938), 25 F.Supp. 692.

■ The removing defendant therefore argues that this action "actually had not been commenced" as against the resident defendant Frasier and that as long as a "hold" order was in effect at the time of removal "the action consisted merely of a claim by a resident plaintiff against a nonresident defendant, defendant Carol J. Switzer". All of this is stated to support the legal conclusion that "complete diversity of citizenship thereby existed and the case was properly removable".

It is the removing defendant's further contention that "it is immaterial * * that plaintiff sometime after the filing of the removal petition did * * * effect service * * * upon the resident defendant Frasier".

Schindler v. Wabash R. Co. et al. (W.D. Mo.1948), 80 F.Supp. 685, is cited as controlling.

Judge Reeves in the first Schindler case did not have before him a factual situation comparable to this case. In the original petition filed in Schindler "two local defendants fictitiously named as John Doe and Richard Roe were joined as defendants". When that case pended before Judge Reeves, neither defendant had yet been identified and were, of course, not served with any process.

The same litigation was later before Judge Duncan. His opinion in Schindler v. Wabash Rr. Co. (W.D.Mo.1949), 84 F.Supp. 319 (to which the Court's attention was not directed by counsel) reveals that the plaintiff filed an amended complaint and named the engineer and fireman of the defendant railroad as joint defendants. The plaintiff and the new individual defendants, who were served by federal process, were all residents of Missouri.[1] Under those circumstances Judge Duncan applied the rule of Highway Construction Co. v. McClelland (8th Cir. 1926) 15 F.2d 187, cert. den. 273 U.S. 765, 47 S.Ct. 570, 71 L.Ed. 881, holding that diversity of citizenship and therefore federal jurisdiction no longer existed after the joinder of the resident defendants; and remanded the case to the State court.

Judge Becker, who had reason to remember the Schindler litigation, applied the same rule in remanding, under factual circumstances involving a plaintiff's order that no summons issue in the State court, in Lewis v. Producers Cooperative Oil Mill (W.D.Mo.1962) 205 F.Supp. 293. What he said there is applicable here and further discussion would be redundant.[2]

1. The substitution of actual resident defendants for John Doe defendants and the issuance of federal process after removal took place in Pullman v. Jenkins, supra, in much the same manner as it did in Schindler.

2. The removing defendant's position is also rendered untenable by what was said by Mr. Justice Whittaker in Stamm v. American Telephone & Telegraph Co. (W.D.Mo.1955), 129 F.Supp. 719, and by Judge Smith in Comstock v. Morgan

Consistent with Judge Duncan's action in the second Schindler case and Judge Becker's action in Lewis, I do not reach the question of whether power to dismiss, as distinguished from power to remand, is vested by Section 1447(c), Title 28 U.S.Code, because discretion to remand will be exercised.

For the reasons stated, this cause should be and is hereby remanded to the Circuit Court of Jackson County, Missouri, at Kansas City.

IT IS SO ORDERED.

(W.D.Mo.1958), 165 F.Supp. 798, and in Rick v. Hedrick, (W.D.Mo.1958), 167 F. Supp. 491. Cf. Judge Ridge's decision in Hutchins v. Priddy (W.D.Mo.1952), 103

F.Supp. 601, 607. See also Canich v. Pacific Greyhound Lines (D.C.Oreg. 1958), 161 F.Supp. 696.