Dale M. ERDEY

v.

AMERICAN HONDA CO., INC., et al.

Civ. A. No. 82–0911–A.

United States District Court,
M.D. Louisiana.

March 2, 1983.

---

Ben Guelfo, Due, Dodson, Degravelles, Robinson & Caskey, Baton Rouge, La., for plaintiff.

Lawrence J. Duplass, Johnson & Duplass, New Orleans, La., for defendants.

JOHN V. PARKER, Chief Judge.

This matter is before the court upon plaintiff's "Motion for a New Trial and/or Reconsideration" of the court's order of January 17, 1983, 96 F.R.D. 593, denying a motion to remand to the 21st Judicial District Court for the Parish of Livingston, Louisiana. Defendant has not timely opposed the motion which, under Local Rule 5(B)(3) is sufficient cause to grant the motion by default. The court will not, however, in this instance, grant the default. The court has reviewed the merits of the motion and finds that no oral argument is required.

On January 17, 1983, the court held that this action first became removable to federal court under 28 U.S.C. § 1441[a] at the time that plaintiff entered a final settlement agreement with the medical defendants, who were nondiverse in citizenship to plaintiff. The sole remaining defendant, American Honda Company, is diverse in citizenship and the court held that the action was properly removed.

Plaintiff now alleges that, since settlement and removal, dispute has arisen with the medical defendants regarding responsibility for payment of court costs incurred in state court. Plaintiff argues that the issue as to liability for court costs can not be resolved in state court because of the removal and that the dispute can not be resolved in this court because of the absence of diverse citizenship between plaintiff and the medical defendants. He then argues that the matter must be remanded in order that this dispute be resolved.

Plaintiff's argument misses the mark. His dispute with Honda regarding liability for personal injuries which he sustained in the accident are totally independent of and unrelated to any dispute he may now have with the medical defendants

regarding payment of state court costs. Honda is in no way involved in that dispute and will not be affected regardless of how the dispute is resolved. Without attempting to evaluate the merits of plaintiff's claim for court costs, this court notes that any claim that plaintiff may have against the medical defendants must be predicated upon the terms of the settlement agreement since he has completely released them from any and all claims for personal injuries incurred in the accident or in their treatment of him following the accident. Honda was not a party to that agreement and can incur no liability to anyone by reason of its existence.

Assuming for purposes of argument that plaintiff has demonstrated the existence of a genuine dispute between him and the medical defendants over payment of the costs, the claim by plaintiff against Honda for personal injuries is a separate and independent claim or cause of action under 28 U.S.C. § 1441[c] and is therefore removable to this court. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

This Court in its opinion of January 17, 1983, considered that the action became removable because plaintiff has voluntarily abandoned his claim for personal injuries against the medical defendants. Plaintiff's claim against the medical defendants for loss due to aggravation of personal injuries incurred in the accident and his claim for personal injuries against Honda were associated with "one wrong" and the claim against Honda was not originally a separate and independent cause of action within the meaning of Section 1441[c]. That situation has changed, however, because plaintiff has voluntarily abandoned his claim against the medical defendants relating to his personal injuries. Whether the medical defendants agreed to pay the costs of the state court proceedings in the settlement agreement is entirely unrelated to the issues between plaintiff and Honda which were removed to this court.

■ The court concludes that plaintiff's claim against Honda for personal injuries is sufficiently independent of his claim for court costs against the medical defendants that a judgment in an action between plaintiff and Honda only can be properly rendered. Since plaintiff and Honda are diverse in citizenship, that claim would be removable if sued upon alone. In its consideration of the original motion to remand, the court was not aware of the dispute regarding the claim for court costs. Indeed, from the correspondence attached to plaintiff's motion, it appears that this dispute arose subsequent to January 17, 1983. Under § 1441[c] where the court determines that a separate and independent cause of action has been stated, the entire case may be removed, including claims not otherwise removable. *Mars Investment Corporation v. Langford,* 652 F.2d 583 (5th Cir.1981); cert. denied 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319; *Northside Iron & Metal Company, Inc. v. Dobson & Johnson, Inc.,* 480 F.2d 798 (5th Cir.1973).

■ This court thus has jurisdiction to adjudicate the court costs claim. It is appropriate, however, that the court exercise its discretion here to sever those claims and to remand them to the state court. They have absolutely no relationship to the claim between plaintiff and Honda; they relate to proceedings which occurred in state court and they may be easily and promptly adjudicated by the state court. *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980).

For the foregoing reasons the motion for reconsideration is GRANTED in part and all claims between plaintiff and the medical defendants relating to court costs are hereby REMANDED to the state court. In all other respects, the motion for reconsideration is hereby DENIED.