Wilbert P. AYDELL

v.

Leon STERNS, et al.

Civ. A. No. 87–855–A.

United States District Court,
M.D. Louisiana.

Jan. 29, 1988.

Joseph M. Bruno, Bruno & Bruno, New Orleans, La., for plaintiff.

Gary M. Zwain, Duplass, Witman & Zwain, Metairie, La., for defendant Pulmosan Safety Equipment Corp.

Gerolyn P. Roussel, Carmouche, Gray & Hoffman, Baton Rouge, La., for defendant Mine Safety Appliance Co.

Craig R. Nelson, Hulse, Nelson & Wanek, New Orleans, La., for defendant Clemco Industries and E.D. Bullard Co.

JOHN V. PARKER, Chief Judge.

This matter is before the court on plaintiff's motion to remand and for costs. The matter is opposed. There is no need for oral argument.

On August 31, 1987, Wilbert P. Aydell, a resident of Livingston Parish, Louisiana, filed this suit in the Twenty-first Judicial District Court for the Parish of Livingston, Louisiana. Plaintiff alleges that he was employed as a sandblaster for 22 years and that he contracted the occupational disease, silicosis. Plaintiff claims that he contracted silicosis as the result of using defective equipment manufactured and distributed by defendants, Clemco Industries, Inc., Pulmosan Safety Equipment Corporation, E.D. Bullard Company and Mine Safety Appliances Company. Plaintiff further alleges that several non-diverse "executive officers, agents, directors and employees" of his former employers[1] were at fault in failing to provide and maintain proper protective equipment. At the bottom of the petition, plaintiff requests that service be made on the corporate defendants and that service be withheld as to the individual defendants.[2] The unserved defendants are citizens of Louisiana, as is plaintiff.

---

1. Plaintiff claims that he was employed at Delta Engineers, Inc. from 1960–1966; at C.S. Falco, Inc. from 1968–1971, 1980, 1981 and 1982; and at Barnard & Burk from 1971–1980 and 1985.

2. The notations regarding service are as follows:
PLEASE SERVE:
CLEMCO

through the Louisiana Long Arm–Statute
2177 Jerrold
San Francisco, California 94124

Pulmosan formerly Clementina
through the Louisiana Long Arm Statute
3048 Lyndon Place
Flushing Queens, New York

On October 5, 1987, Pulmosan Safety Equipment Corporation (a corporation domiciled and principally doing business in New York) filed a removal petition alleging that the court had diversity jurisdiction as plaintiff had either voluntarily abandoned his claims against the individual nondiverse defendants or joined them solely to prevent removal. Later that same day, Mine Safety Appliances Company (incorporated and principally doing business in Pennsylvania)[3] filed a consent to removal. On October 13, 1987, defendants, E.D. Bullard and Clemco Industries, Inc., (both incorporated and principally doing business in California)[4] filed a consent to removal. On October 21, 1987, Clemco and Bullard filed a motion to join in the removal.

In opposition to the motion to remand, the diverse corporate defendants argue that by withholding service, plaintiff either voluntarily abandoned or never had any intention of pursuing his claims against the nondiverse individual defendants. Defendants do not contend that the nondiverse defendants were fraudulently joined in the sense that plaintiff had no cause of action against them.

■ We begin by recognizing that the simple fact that a resident defendant has not yet been served does not, in and of itself, entitle a non-resident defendant to remove. *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). In *Pullman*, the court states:

It may be said that the non-resident defendant may be prejudiced because his co-defendant may not be served. On the other hand there is no diversity of citizenship, and the controversy being a non-separable one, the non-resident defendant should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected. It is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove. 59 S.Ct. at p. 350.

In 1948, Congress amended the removal statute to provide that diversity cases "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). Although one might infer from the words "and served" that an unserved resident defendant may be ignored in determining removability, the majority view is to the contrary—the fact that service has not yet been made upon the resident defendant is insufficient to allow a diverse defendant to remove. 1A Moore's Federal Practice ¶ 0.168[3.–2–2]. See *Filho v. Pozos Intern. Drilling Service, Inc.*, 662 F.Supp. 94 (S.D.Tex.1987), *Castner v. Exxon Co., U.S.A.*, 563 F.Supp. 684 (E.D.Pa. 1983); *Schwegmann Bros, Etc. v. Pharmacy Reports, Inc.*, 486 F.Supp. 606 (E.D. La.1980).

■ Thus, the question presented here is whether the nondiverse defendants have simply not yet been served or plaintiff has voluntarily abandoned or discontinued the

E.D. Bullard
Through the Louisiana Long Arms Statute
2860 Ridgeway Street
Saulsaliedo, California 94124

Mine Safety Appliances
through its agent for service of process
C.T. Corporation Systems
601 Poydras Street
New Orleans, Louisiana 70130

Withhold Service On:

Leon Sterns
Slim Wilson
Frank Stewart
Frank Sarter
Jessie Rimer
Rex McKinley
Marjorie Falco

Melvin Parker
Leonard Sharp
Jack Goodman

**3.** Although these specific facts are not established as a matter of record but are set forth in the supplemental memorandum of Mine Safety Appliances Company, it is undisputed that Mine Safety Appliances Company is diverse from plaintiff. The removal petition indicates that all of the corporate defendants are incorporated and principally doing business in states other than Louisiana.

**4.** Likewise, it is undisputed that Bullard and Clemco Industries are diverse from plaintiff.

claims against those defendants. This court has previously held that a voluntary dismissal or any other kind of voluntary discontinuance of the action as to the nondiverse defendants makes the action removable by the diverse defendant. *Erdey v. American Honda Co., Inc.,* 96 F.R.D. 593 (M.D.La.1983), modified on other grounds, 558 F.Supp. 105 (M.D.La.1983). The "voluntary-involuntary rule" is an outgrowth of the generally accepted proposition that plaintiff controls the choice of forum throughout the proceedings. *Great Northern Ry. Co. v. Alexander,* 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918). Where plaintiff by his voluntary act has definitely indicated his intention to discontinue the action as to all non-diverse defendants, the case then becomes removable. *Erdey,* supra. By analogy, a case might be removable when filed if it is clear that plaintiff has no intention of pursuing the claim against the nondiverse defendants.

Consequently, the court must decide whether the instruction by plaintiff to withhold service as to the individual defendants was a definite expression of plaintiff's intent to abandon or discontinue the claims against those defendants. Unfortunately, the jurisprudence offers little guidance as to this particular issue. Perhaps, the most instructive case is *Stamm v. American Telephone & Telegraph Company,* 129 F.Supp. 719 (W.D.Mo.1955).

In *Stamm,* process was served on two diverse defendants but the summons issued to the resident defendant was returned unserved. The nonresident defendants removed on March 3, 1955, on the basis that the plaintiff had abandoned his claims against Tatum, the resident defendant, by failing to sue out an alias summons against him after the non est return of January 28, 1953. The court failed to find affirmative action by the plaintiff showing his intention to dismiss, abandon or discontinue the action against the resident defendant. The court then stated the following:

> It follows, in my opinion, that the removal was at least premature, and that plaintiff's motion to remand is good and must be sustained.
>
> The temptation is overpowering to say that plaintiff's victory on this remand is probably more fanciful than real, and will be short-lived, because, unless defendant, Tatum, will enter his appearance in the case—which seems unlikely—probably the defendant will press for trial, and if plaintiff then announces ready for trial or proceeds to trial without the defendant, Tatum, in court, that action of the plaintiff will constitute a voluntary dismissal, abandonment, or discontinuance, of the action as to the defendant, Tatum, which would then undoubtedly render the case removable; but I must deal on the record as it stands before me now, and, on that record the removal was at least premature, and the motion to remand must be sustained. 129 F.Supp. at p. 721.

Our research has produced some cases involving directions to withhold service. *Beglane v. Switzer,* 209 F.Supp. 849 (W.D. Mo.1962); and *Lewis v. Producers Cooperative Oil Mill,* 205 F.Supp. 293 (W.D.Mo. 1962).[5] These cases indicate that removal may have been proper since the action against the nondiverse defendant had not been "commenced" under Missouri law; however, service of the nondiverse defendants after removal destroyed diversity jurisdiction. In *Lewis,* the court is careful to point out that the nondiverse defendant was already named as a party defendant and consequently no leave of court was required to cause a summons to issue to that defendant.

In this case, it is obvious that plaintiff will perfect service on at least some of the nondiverse defendants. Therefore, even if the action had not been "commenced" against these defendants at the time of

---

5. See also, *Duff v. Aetna Casualty and Surety Companies,* 287 F.Supp. 138 (N.D.Okla.1968) (finding that the action against resident defendant had never been commenced under Oklahoma law since the plaintiff had failed to pre-

removal,[6] this could result in a hollow victory for defendants. Moreover, *Beglane* and *Lewis* may no longer be good authority considering the more recent cases determining diversity jurisdiction for removal purposes on the basis of all named defendants regardless of service. See e.g. *Schwegmann Bros.*, supra. Consequently, the court finds that removability in this case should be determined under the "voluntary abandonment rule" rather than the commencement of the action rationale expressed in *Beglane* and *Lewis.*

 The court has carefully considered all aspects of the issue and, while the matter is close, concludes that the instruction, "withhold service," without more, is not a clear and definitive expression by the plaintiff that he desires to terminate or extinguish the action against the nondiverse defendants. Undoubtedly, plaintiff must secure service upon those parties if he is to prosecute the case against them and at some point the cause may become removable if he does not secure service. For example, in *Southern Pacific Co. v. Haight*, 126 F.2d 900 (9th Cir.), cert. denied 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942), plaintiff's intention to discontinue the action against nondiverse defendants was unusual and informal, but definitive. There, plaintiff filed suit in state court against the railroad and two nondiverse "John Doe" defendants who were never served. When the case was called for trial, plaintiff announced ready for trial and the railroad then filed a petition for removal. The court reasoned that by proceeding with trial against the railroad alone, plaintiff abandoned her right to a joint judgment and the action then became removable.

 It is only where plaintiff by his voluntary act definitely and clearly indicates his intention to abandon or discontinue the action as to the nondiverse defendants— where he has clearly indicated that he no longer desires to dictate the forum—that the case becomes removable. *Powers v. Chesapeake & O. Ry. Co.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898). In one case, after trial in state court had been concluded, counsel for plaintiff announced in closing argument to the jury that plaintiff no longer desired a verdict against the nondiverse defendant. The court held that the case became removable because of plaintiff's voluntary abandonment. See, *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328 (D.S.C.1979).

Here we have no such clear and definitive declaration from plaintiff. The direction "withhold service" is equivocal at best. Plaintiff is at the commencement of his action in state court, not entering or concluding trial. As *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593 (M.D.La. 1983) points out, plaintiff's voluntary discontinuance or abandonment may be formal or informal:

> The technicality of how plaintiff's intention is expressed is of no moment—it is the expression of the intent by plaintiff which makes the case removable. 96 F.R.D. at 599.

In this case, however, plaintiff's expression is both informal and uncertain. This plaintiff has simply not clearly indicated his intention to voluntarily abandon his action against the nondiverse defendants.

An award of costs is not appropriate in this case and that request is hereby DENIED.

For the foregoing reasons, the motion to remand is hereby GRANTED and this action will be remanded to the Twenty-first Judicial District Court for the Parish of Livingston, Louisiana.

---

pare the summons and give it to the clerk of the state court for issuance.

**6.** See La.Civ.Proc.Code art. 421 providing that a civil action is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. The Missouri statute referred to in *Beglane* and *Lewis* provided that a suit was commenced by the filing of a petition in a court of record and suing out of process therein. See *Johnson v. Missouri Pacific Transp. Co.*, 25 F.Supp. 692 (E.D.Mos.1938) cited in *Lewis* at 205 F.Supp. 294.