**Roy BROWN and Debra Brown, Individually and as Representatives of the Estate of Melissa Ann Brown, Deceased**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, and The Estate of Wanda Carol Griffin, Deceased.**

Civ. A. No. B–89–00933–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

July 6, 1990.

**452**

Glenn Vickery, Baytown, W. Allyn Hoaglund, Houston, Tex., for plaintiffs.

Daniel V. Flatten, Mehaffy & Weber, Beaumont, Tex., for defendants.

Gilbert T. Adams, Jr., Beaumont, Tex., for third party plaintiff.

## MEMORANDUM OPINION

COBB, District Judge.

This action was brought by plaintiffs Roy and Debra Brown, on October 28, 1988, in the 60th District Court of Jefferson County, Texas. The Southern Pacific Transportation Company was a defendant, and in the original state court petition the Browns sued "The Estate of Wanda Carol Griffin." No service was sought or perfected against the "Estate." Defendant Southern Pacific was served November 3, 1988, and answered on November 23, 1988. After several months, an administratrix of the Estate of Griffin qualified, and with leave of the state court, intervened, seek-

ing damages from Southern Pacific only. This "intervention" and its effects are at the heart of the present controversy, which is a motion to remand this action to the state court from whence it came. More about the intervention and its consequences later.

### I.

Southern Pacific claims the "Estate of Wanda Carol Griffin" is not a proper party and was not a legal entity when the original suit was filed by the Browns, and no valid service against the defendant was effected prior to its removal to this court.

■ Under Texas law, a decedent's estate can only be sued by naming the personal representative of the estate as a defendant. *Henson v. Estate of Crow*, 734 S.W.2d 648 (Tex.1987). *Price v. Estate of Anderson*, 522 S.W.2d 690 (Tex.1975). When the case was filed and at the time of removal, only one defendant, Southern Pacific Transportation Company, had been properly named, served, and had answered. Diversity existed at all times and removal was proper. *Aynesworth v. Beech Aircraft Corp.*, 604 F.Supp. 630 (W.D.Tex. 1985).

It is clear that in order to have a valid claim against the estate of a decedent, a party must name the personal representative as defendant. The Estate of Wanda Carol Griffin is not, and as such, can never be, a proper party in this lawsuit. The intervention by the administratrix of the Estate of Wanda Carol Griffin as plaintiff does not destroy diversity jurisdiction. At the time the suit was filed and at the time of removal, all plaintiffs were diverse from all defendants, thereby satisfying 28 U.S.C. § 1332, and removal of this cause to the United States District Court for the Eastern District of Texas was proper. As the parties stand now before the court, each plaintiff is still diverse from each defendant.

■ Plaintiffs assert if the Estate of Wanda Carol Griffin was not properly named as a defendant in their original petition, then diversity for removal purposes

existed at the time of service on the defendant Southern Pacific. Plaintiffs, however, clearly contemplated the personal representative of the Estate was the proper party to serve, since they point out in their original petition that a personal representative is yet to be named, and will be named at a later time. (Paragraph I, p. 2 of plaintiffs' original petition.) This is an announced promise to sue some party in the future, which the original Brown plaintiffs might or might not do.

■ Defendant was entitled to rely on this statement, and for it to file a petition for removal in light of plaintiffs' representation would amount to premature removal. *See Aydell v. Sterns,* 677 F.Supp. 877 (M.D.La.1988) (fact that service has not yet been made upon resident defendant is insufficient to allow a diverse defendant to remove); *Stamm v. American Telephone and Telegraph Co.,* 129 F.Supp. 719 (W.D. Mo.1955). Southern Pacific was therefore justified in waiting for the plaintiffs to attempt service on the then yet to be named personal representative. It was only when faced with the one-year time limitation of 28 U.S.C. § 1446(b) that Southern Pacific filed its petition for removal, having surmised the plaintiffs were not going to amend their complaint to name the administratrix as a defendant within the time for the defendant to remove the case. The administratrix was appointed on May 30, 1989, over one year ago. Plaintiffs have seemingly assumed this court would rule that the administratrix's intervention eliminated plaintiffs' burden to name and serve the administratrix in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## THE INTERVENTION AND ANSWER

On May 30, 1989, Nelda Wakefield, a sister of Wanda Griffin, was appointed administratrix of the Estate of Wanda Griffin. On or about September 8, 1989, Mrs. Wakefield, as administratrix of the Estate of Wanda Griffin, intervened in the civil action filed by the plaintiff against Southern Pacific Transportation Company and the Estate of Wanda Griffin, seeking dam-ages from Southern Pacific on behalf of the Estate of Wanda Griffin. The order allowing intervention was entered on September 20, 1989, by the 60th Judicial District Court of Jefferson County, Texas.

Plaintiffs and intervenor argue the intervention by the administratrix is a general appearance, which destroys diversity of citizenship of the parties. Movants cite several cases that hold an appearance by a defendant is a general appearance and eliminates the requirement of service of process. Unfortunately, movants do not cite (nor have we found) a case where intervention as *plaintiff* amounts to a general appearance and negates the need for service when, as here, the intervenor was an intended *defendant.* *See* plaintiffs' original petition and application for temporary restraining order and temporary injunction, I, par. 3. Apparently, plaintiffs argue that the appearance of Nelda Wakefield, a Texas citizen, as administratrix of the Estate of Wanda Griffin, is equivalent to an appearance by the Estate of Wanda Griffin, a Texas citizen, if a legal entity, as defendant. Movants contend this destroys diversity jurisdiction.

Plaintiffs contend that once the administratrix of the Estate of Wanda Griffin intervened in this lawsuit, no service was necessary for the Estate of Wanda Griffin to be a party for all purposes, citing *Dodson v. Seymour,* 664 S.W.2d 158, 161 (Tex. App.—San Antonio 1983, no writ) (An appearance constitutes a waiver of the need for service of process); *Warner v. Irving Lumber Co.,* 584 S.W.2d 893 (Tex.Civ.App. —Dallas 1979, no writ); *Carter v. G & L Tool Co. of Utah, Inc.,* 428 S.W.2d 677, 681 (Tex.Civ.App.—San Antonio 1968, no writ).

Defendant Southern Pacific says such an appearance is limited to one in the form of an answer by defendant. TEX.R.CIV.P. ANN. 121 (Vernon 1979). Southern Pacific further contends that intervenor's petition as plaintiff is not an answer, and therefore not such an appearance as to negate the need for service, citing *Warner v. Irving,* at 894 (a petition does not rid the need for service of a compulsory counterclaim); *see also Brown v. Brown,* 521 S.W.2d 730, 752

(Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *All Right v. Roper*, 478 S.W.2d 245, at 247 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ dism.).

## II.

On March 16, 1990, plaintiffs filed a motion for leave to amend their complaint. Although the motion was filed several months after the plaintiffs' motion to remand, both motions are considered here. Plaintiffs in essence wish to amend their complaint to add the administratrix of the Estate of Wanda Griffin as a party defendant. In light of the pending motions to remand, it is anticipated that if the motion for leave to amend the complaint is granted, plaintiffs will point to the resulting lack of diversity of citizenship as further grounds for remand.

■ A motion for remand for lack of subject matter jurisdiction is governed by 28 U.S.C. § 1447(c). This statute was amended on November 19, 1988, by Congress to read, in pertinent part, as follows:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Section 1447 was also amended to add subsection (e), as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.

The plain meaning of the language of subsection (e) gives the court two options when faced with joinder of additional non-diverse defendants by a plaintiff after removal. These are (1) deny the joinder, or (2) allow the joinder, which destroys diversity of citizenship of the parties.

The Court of Appeals for the Fifth Circuit, prior to the addition of subsection (e) to § 1447, addressed precisely the issue to be contemplated by the statute. *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). In *Hensgens*, the plaintiff brought suit against a tractor manufacturer, who removed the action to federal court. Plaintiff subsequently amended her complaint to add the seller of the tractor as a non-diverse defendant. 833 F.2d at 1180. The manufacturer moved for summary judgment on the grounds that the one-year Louisiana prescription period had expired, and the court granted the motion as to both defendants. On appeal, the plaintiff/appellant raised for the first time the issue of lack of subject matter jurisdiction. Plaintiff/appellant argued the joinder of the non-diverse seller of the tractor destroyed complete diversity of citizenship of the parties. *Id.* at 1180.

The court noted that the addition of the non-diverse defendant did indeed defeat jurisdiction by destroying complete diversity of the citizenship of the parties. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir.1987) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978)). The court explained:

> [T]he rule for remand is the same as original diversity jurisdiction. That is, most post-removal developments— amendment of pleadings to below jurisdictional amount or change in citizenship of a party—will not divest the court of jurisdiction but an addition of a non-diverse defendant will do so.

*Id.* at 1181.

The *Hensgens* court recognized that the circumstances under which a district court should allow joinder of non-diverse defendants must be weighed carefully, given the jurisdictional nature of the outcome; a district court "should scrutinize such a motion more closely than an ordinary amendment." *Id.* at 1182. Consequently, the court provided guidelines designed to adequately protect the competing interests at stake. Those interests are (1) the defendant's interest in keeping the federal forum, and (2) the danger in having parallel lawsuits in both state and federal courts, resulting in waste of judicial resources and possibly inconsistent results. *Id.* With those interests in mind, the court outlined factors which the district court should, in its discretion, consider. These are (1) the

extent to which the purpose of the amendment of the complaint is to defeat federal jurisdiction; (2) the degree of dilatory conduct on the part of the plaintiff; (3) the risk of significant injury to the plaintiff if the amendment is not allowed; and (4) any other equitable considerations. *Id.* If the district court decides to allow the amendment, thus joining the non-diverse defendant, the case must be remanded to the state court. If the amendment is denied, the federal court keeps jurisdiction. *Id.*

The facts in this case weigh in favor of denying the motion to amend. Given the timing of the filing of the motion to amend, specifically the fact that it was filed several months *after* the motions to remand were filed, it appears the motion was made at least in part to bolster the movant's case for remand. The conduct of plaintiffs has been dilatory at best, in failing for over a year to properly name and serve the personal representative as was clearly "promised" by the plaintiffs' complaint. As such, denial of the motion to amend will not prejudice the plaintiffs; the case will still go forward in this court. The defendant's interest in maintaining the federal forum will, however, be impaired if the amendment to the complaint is allowed at this late stage. For the foregoing reasons the motion to amend is DENIED, and accordingly, the motions to remand this case back to the 60th Judicial District Court of Jefferson County, Texas, are DENIED.