W. T. HUGHES & CO. v. PEPER TOBACCO WAREHOUSE CO.

(Circuit Court, E. D. North Carolina.   December 31, 1903.)

1. REMOVAL OF CAUSES—AMOUNT IN CONTROVERSY—REMAND.

Act March 3, 1887, c. 373, § 6, 24 Stat. 555 [U. S. Comp. St. 1901, p. 511], provides that if in any suit removed from a state court to the United States Circuit Court it shall appear, at any time after such suit has been removed, that it does not involve a controversy within the jurisdiction of the court, the Circuit Court shall proceed no further, but shall dismiss the suit or remand it to the court from which it was removed. *Held*, that where a suit in which plaintiff demanded $2,250 was removed to the Circuit Court, and after the removal plaintiff filed a supplemental pleading, alleging that there was a bona fide error in the account on which the complaint was based of $448.75, which reduced the claim to less than the amount necessary to give the Circuit Court jurisdiction, the case would be remanded to the state court.

F. S. Spruill and W. H. Ruffin, for plaintiffs.
T. W. Beckett, for defendant.

PURNELL, District Judge. The plaintiffs brought their suit in the superior court of Franklin county, alleging that the defendant was indebted to them in the sum of $2,250. On the application of

the defendant an order was entered removing the same to this court. After the entry of such order in the same court plaintiffs filed a supplemental pleading, alleging that there was an error in the account on which the complaint was based of $448.75, which reduced the amount demanded to less than $2,000, and immediately after the docketing of the cause in this court entered a motion to remand the same. On the face of the complaint the order of removal was properly entered, but on an examination of the whole record it appears now that the controversy between the parties does not involve an amount, exclusive of interest and cost, which would give this court jurisdiction. The statute provides (Act March 3, 1887, c. 373, § 6, 24 Stat. 555 [U. S. Comp. St. 1901, p. 511]) that if in any suit commenced in the Circuit Court or removed from a state court to a Circuit Court of the United States it shall appear to the satisfaction of said Circuit Court, "at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court, * * * the said Circuit Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to cost as may be just."

The jurisdictional amount must appear in the record. From the record the court is satisfied there is not such amount in controversy between the parties to the suit as would give this court jurisdiction, and the credit now claimed as proper by plaintiffs was an error, not an attempt to divest the jurisdiction of this court. The motion to remand seems to be bona fide, and defendant gets the benefit of a credit of $448.75, for which the plaintiffs say it is not liable. A controversy as to an amount due by Walker, not a party, cannot fix the amount in this suit. Defendant, if liable at all, is liable for only $1,801.25.

It is therefore considered, ordered, and adjudged that this cause, including the entire record, be remanded to the superior court of Franklin county. It is further adjudged that the plaintiffs, on whose mistake the order of removal was based, pay all the cost incurred in this court, to be taxed by the clerk of this court, and that judgment in favor of the defendant and against the plaintiffs be entered for the amount of such cost.