## HIGHWAY CONST. CO. et al. v. McCLELLAND.

(Circuit Court of Appeals, Eighth Circuit. October 4, 1926.)

No. 7179.

**1. Removal of causes ⟨⟩61, 86(5).**

Existence of a separable controversy depends on allegations of complaint, not on allegations of petition for removal.

**2. Courts ⟨⟩30.**

Generally jurisdiction, once having attached, will not be devested by subsequent events, though exception exists where plaintiff so changes his pleading that court no longer has jurisdiction on face of pleading.

**3. Removal of causes ⟨⟩118.**

Federal court *held* without jurisdiction of cause removed from state court on ground of separable controversy, where amended complaint eliminated such controversy, notwithstanding absence of motion to remand, in view of Judicial Code, § 37 (Comp. St. § 1019), imposing on court duty to remand.

In Error to the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

On petition for rehearing. Rehearing denied.

For former opinion, see 14 F.(2d) 406.

Inghram D. Hook, of Kansas City, Mo., for plaintiffs in error.

Roger S. Miller and Scott J. Miller, both of Chillicothe, Mo., for defendant in error.

Before STONE, KENYON, and BOOTH, Circuit Judges.

PER CURIAM. Defendant in error has filed a petition for rehearing; plaintiff in error has filed "suggestions" in support of the same. Both parties unite in the contention that the court below had jurisdiction to try the cause.

From the whole record, including the petition for rehearing and the "suggestions" in support of the same, we gather the following facts: The case was originally commenced in the state court, but removed to the federal court. The petition for removal was based on diverse citizenship: (1) As between plaintiff and defendant Highway Construction Company, a separable controversy being alleged between those two parties; or (2) as between plaintiff on one side and defendants Highway Construction Company and Stewart on the other side, Dunn, the remaining defendant, being alleged to have been fraudulently joined. No motion to remand was made. The court below did not pass upon the question of fraudulent joinder of Dunn, nor upon the question of a separable controversy between plaintiff and defendant Highway Construction Company.

[1] Whether there was a separable controversy depends upon the allegations of the original complaint, not upon the allegations of the petition for removal. We have grave doubt whether the original complaint showed the existence of a separable controversy, but we do not find it necessary to determine that question. From the whole record we gather the further facts:

The removal being completed, plaintiff, apparently with the consent of the court, filed an amended complaint. Two additional defendants were added, Morgan and Sandusky. Their citizenship was not shown. The cause of action stated in the amended complaint was a joint one against all of the defendants, and was so treated in the court below. Whether defendant Dunn remained in the case appears to be uncertain. From the record it would seem not, although there is no order eliminating him. Counsel for defendant in error, however, assert that Dunn remained in the case until the court directed a verdict for him.

From the foregoing facts it appears that there was thus presented to the court below for trial a case which had been removed from the state court on the ground of diversity of citizenship, in which the separable controversy, if one ever existed, had been abandoned, and in which the diversity of citizenship did not appear—a case which in its then condition could not have been removed from the state court nor brought in the federal court.

[2, 3] But it is contended by counsel on both sides that, inasmuch as the case had been removed and no motion had been made to remand, the federal court had jurisdiction, and that nothing which happened afterward could devest such jurisdiction. We cannot agree with this contention. While it is the general rule that jurisdiction, once having attached, will not be devested by subsequent events, yet there is this exception to the rule: The plaintiff, after jurisdiction has attached, may so change his pleading voluntarily that the court will no longer have jurisdiction on the face of the pleading. If this is done, it then becomes the duty of the court to remand the case, if it be a removed case. Texas Transportation Co. v. Seelingson, 122 U. S. 519, 7 S. Ct. 1261, 30 L. Ed. 1150; Torrence v. Shedd, 144 U. S. 527, 533, 12 S. Ct. 762, 36 L. Ed. 528; Bane v. Keefer (C. C.) 66 F. 610; Youtsey v. Hoffman (C. C.) 108 F. 699; Cassidy v. Atlanta & C. A. L. R. Co. (C. C.) 109 F. 673; W. T. Hughes & Co. v. Peper Tobacco Warehouse Co. (C. C.) 126 F. 687; Fischer v. Star Co. (D. C.) 227 F. 955; Jones v. Western Union Telegraph Co. (D. C.) 233 F. 301.

These cases rest on the requirement announced in section 37, Judicial Code (Comp. St. § 1019), which reads:

"Sec. 37. If in any suit commenced in a District Court, or removed from a state court to a District Court of the United States, it shall appear to the satisfaction of the said District Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said District Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

We adhere to the opinion that the court below did not have jurisdiction of the cause which it undertook to try, or at least that the record did not, and does not now, so show.

Petition for rehearing is denied.