Fred E. INGERSOLL, Plaintiff,

v.

PEARL ASSURANCE COMPANY, Limited, a corporation, Ray Simmons, Doe One and Doe Two, Defendants.

Civ. No. 7408.

United States District Court
N. D. California, N. D.

July 8, 1957.

Donald E. Huckins, Marysville, Cal., and Bradford, Cross, Dahl & Hefner, by James H. Burke, Sacramento, Cal., for plaintiff.

Arthur E. Cooley, Augustus Castro, and John H. Wallace, San Francisco, Cal., for defendant Pearl Assurance Co., Limited.

HALBERT, District Judge.

■ This is an action to recover for a fire loss suffered by plaintiff. It was originally commenced in the Superior Court of the State of California, in and for the County of Yuba, and was thereafter removed to this Court by defendant, Pearl Assurance Company, Limited, under the provisions of Title 28 U.S.C.A. § 1441(a) and § 1332(a) (2). The removing defendant is a corporation organized under the laws of Great Britain, and is alleged to be a citizen and resident thereof; plaintiff is a citizen and resident of the State of California, and defendant, Ray Simmons, is likewise a citizen and resident of the State of California. However, plaintiff, by affidavit, has admitted the fact that he stated no cause of action against defendant, Simmons (the resident agent of Pearl Assurance Company, Limited), in the original complaint. Such being the case, defendant, Simmons, was a nominal party only, and his joinder did not impair the removability of the claim. Seigler v. American Surety Company, D.C.N.D. Cal.N.D.1957, 151 F.Supp. 556. The requisite jurisdictional amount appearing from the face of the complaint, the removal to this Court was proper.

The question presented for the Court's determination at this time is whether plaintiff may now amend his complaint to state a cause of action against Simmons where, if such an amendment had been accomplished in the state court, the action would not have been removable.

■ Initially, it should be made clear why this action would not have been removable had the two causes of action, attempted to be asserted against the resident agent, Simmons, been joined in the original complaint. By these two causes of action against Simmons (one for negligence, and the other apparently grounded on the theory of an oral contract of insurance) plaintiff is seeking to recover in the alternative for the same loss for which he is attempting to recover against the removing defendant, Pearl Assurance Company, Limited. On these facts, there would have been no substantial point of distinction between this case (assuming that the claims against Simmons had been joined at the outset) and the case of American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 539, 95 L.Ed. 702, wherein it was held that the entire action would have to be remanded to the state court for want of a "separate and independent claim or cause of action" against the nondiverse defendant under Title 28 U.S. C.A. § 1441(c).[1]

■ Since the existence of removal jurisdiction depends upon the facts as they exist both at the time the action was commenced and at the time of removal (Mansfield, Coldwater & Lake Michigan Ry. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462), it is generally held that attempts by the plaintiff after removal jurisdiction has attached to alter his claim in such a manner as to remove the basis for federal jurisdiction are ineffectual to oust the federal court of jurisdiction (see: Saint Paul Mercury

1. The Court there found that where the plaintiff was attempting to recover for one primary loss (i. e. a fire loss), but was uncertain as to which defendant should be held responsible, he stated but one cause of action. The Court said, 341 U.S. at page 13–14, 71 S.Ct. at page 540:

"Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), 28 U.S.C.A. § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, holding that the mere reduction of the *ad damnum* below the jurisdictional amount would not affect federal removal jurisdiction, and indicating, by *dictum*, that a change in residence would· be similarly treated; and Pacific Gas & Electric Co. v. Fibreboard Products, D.C., 116 F. Supp. 377, holding that an amendment to the complaint by adding two nondiverse defendants alleged to be jointly liable with the removing diverse defendant should not be allowed after removal where the sole purpose of such an amendment was to defeat federal jurisdiction).

▮▮ In the case at bar, I am faced with a different aspect of this problem. Here, the resident defendant, Simmons, was named as a party in the complaint originally filed in the state court, although he apparently was never served. Plaintiff, by affidavit, has admitted that he failed to state a claim against Simmons, but he says this was "because of ignorance, mistake and misapprehension as to the facts of his relationship". It appears from the allegations of the proposed amendment to the complaint, that the claims against Simmons are so interwoven with the claims against the two diverse defendants [2] that a complete adjudication of the rights of the parties cannot be had without the presence of Simmons as a co-defendant (see: American Fire & Casualty Co. v. Finn, supra). Furthermore, I hold that under the test set forth in State of Washington v. United States, 9 .Cir., 87 F.2d 421, at pages 427–428, there is no escape from the conclusion that Simmons is an indispensable party to this action on the basis of the allegations of the proposed amended complaint. It is, of course,. fundamental that no action may continue in the federal courts where there is no federal jurisdiction as to an indispensable party (see: e. g.: Young v. Powell, 5 Cir., 179 F.2d 147, 151, 152).

▮ While the defendant's statutory right of removal should not, and will not, be permitted to be limited by the plaintiff's whims or caprice (Pacific Gas & Electric Co. v. Fibreboard Products, supra, 116 F.Supp. at page 381); where to uphold the right of removal merely for the sake of punishing a plaintiff for his negligence in pleading would work a palpable injustice to the rights of an absent party, then the removal right must yield to what is fundamentally fair and just to all of the parties. The interest of defendant, Pearl Assurance Company, Limited, in having a federal forum is, in this instance now before me, clearly outweighed by the sound policy against multiplicity of actions and the interest of the agent, Simmons, in having his day in court.

For the reasons above given, the motion of plaintiff to amend his complaint must be granted, and the motion of plaintiff to remand this case to the state court from which it was removed must also be granted.

It is, therefore, ordered that plaintiff's motion to file his amendment to his complaint on file in this action by adding a defendant, Union Insurance Society, a corporation, and by stating an asserted cause of action against the said

2. The original complaint attempts to set forth facts giving rise to a cause of action on an express contract of insurance with · defendant, Pearl Assurance Company, Limited. By the proposed amendments to the complaint, plaintiff seeks to set forth facts giving rise to a cause of action against the Union Insurance Society on an express contract of insurance, and in the alternative, to set forth facts giving rise to the causes of action, noted in the main text, against Ray Simmons, the alleged agent for both insurance companies.

The motion to amend to add the Union Insurance Society (a corporation organized under the laws of the Crown Colony of Hong Kong) as a party defendant by stating a cause of action against · it is not opposed by defendant, Pearl Assurance Company, Limited. For this reason, the amendment to the complaint, insofar as it relates to the Union Insurance Society, has not been elsewhere discussed in this opinion. Such an amendment is clearly proper and will be allowed.

Union Insurance Society, a corporation, and the already named defendant, Ray Simmons, be, and the same is, hereby granted;

And it is further ordered that this case be, and it is hereby remanded to the Superior Court of the State of California, in and for the County of Yuba, for all further proceedings. The Clerk is authorized and directed to take any and all steps, and perform any and all acts necessary to complete the transfer of this case in accordance with this order.