**J. L. STANHOPE, Plaintiff,**

v.

**FORD MOTOR CREDIT COMPANY, INC., and Thornton & Associates, Inc., Defendants.**

No. 79–4025.

United States District Court,
W. D. Arkansas,
Texarkana Division.

Jan. 29, 1980.

Boyd Tackett, Jr., Ashdown, Ark., for plaintiff.

W. R. Nixon, Jr., Little Rock, Ark., for Ford Motor Credit.

Dana C. D. Nixon, Little Rock, Ark., for Thornton & Associates.

ORDER

ARNOLD, District Judge.

On April 12, 1979, the plaintiff filed this suit for damages in the Circuit Court of Miller County, Arkansas, naming Ford Motor Credit Company as defendant. The complaint alleged that Ford "caused its agent, servant or employee, the name of whom is unknown to Plaintiff at this time, to steal, take away and otherwise remove" the plaintiff's pickup truck and its contents. The plaintiff asked for $3,424.30 actual and $50,000 punitive damages. On April 27, 1979, Ford removed the suit to this Court on the basis of diversity of citizenship. In its answer, filed in this Court on the same day, Ford claimed that the truck and personal property were seized "by an independent contractor whom Ford Credit did not have the right to control as to the time, method and manner of seizure." On Sep-

tember 6, 1979, the plaintiff filed a motion to amend the complaint to add another defendant, Thornton & Associates, Inc. Neither the motion nor the amended complaint alleged the citizenship of Thornton for diversity purposes. No opposition to the motion was filed, and on September 20, 1979, the Court entered an order granting leave to amend. The amended complaint sought to hold Thornton & Associates liable for the taking in addition to Ford. On October 10, 1979, Thornton filed an answer stating that it was an Arkansas corporation with its principal place of business in Pulaski County, Arkansas. It admitted that, acting as an agent of Ford, it repossessed the truck; all other substantive allegations of the complaint were denied.

At a docket call on December 21, 1979, Ford was granted leave to file a counterclaim, which was filed on January 2, 1980. At the docket call, the Court sua sponte raised the question whether it had jurisdiction to hear the case in view of the addition of Thornton, a party non-diverse from plaintiff, as a defendant. After a brief discussion among the parties and Court, the plaintiff moved to dismiss without prejudice. The defendants indicated a desire to brief the issues, and a briefing schedule was set.

On January 7, 1980, the defendants filed a joint memorandum brief. They take the position that remand is not appropriate; but they do not object to dismissal without prejudice conditioned upon the payment by plaintiff of their costs and attorneys' fees. Apparently believing that dismissal would be allowed only on this condition, the plaintiff moved on January 21, 1980, for leave to withdraw the motion to dismiss without prejudice.

The motion for leave to withdraw the motion to dismiss was granted. Allowing the motion to be withdrawn, however, does not mean that the jurisdictional question has been resolved. This Court has an independent responsibility to make sure that it does not act without jurisdiction. Complete diversity does not exist between

the plaintiff and the defendants. In such a situation, the questions to be resolved are first, whether the Court has jurisdiction, and second, if jurisdiction is lacking, whether the case should be dismissed or, instead, remanded to the state court.

■ It is a sound general rule that after removal by the defendant, the plaintiff should not be allowed to defeat jurisdiction by adding a non-diverse defendant or by any other device, such as amending the complaint to reduce the claim for damages below the jurisdictional amount. *Cf. St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Had the Court known that diversity did not exist between Thornton & Associates and the plaintiff, the motion to amend the complaint would probably not have been granted. It was granted, however, and the Court must deal with the resulting situation. Several factors should be considered. First, it is clear that the plaintiff was not attempting to destroy federal jurisdiction by adding Thornton as a defendant although that may be the result; all of the parties appeared not to have considered the jurisdictional question before it was raised by the Court on December 21. Thus, the policy underlying the rule that the plaintiff should not be allowed to defeat jurisdiction by adding a non-diverse defendant will not be undermined if this complaint is dismissed. Second, the plaintiff cannot get complete relief in one lawsuit unless both Ford and Thornton are parties defendant. It would not make sense, then, to vacate the order which granted leave to add Thornton as a defendant, and proceed to trial on the plaintiff's claim against Ford alone, although such a course of action would resolve the jurisdictional problem. Third, plaintiff would have been perfectly content to litigate against Ford alone. The addition of Thornton as a defendant was provoked solely by Ford's assertion that Thornton, not it, was responsible.

■ It is axiomatic that no jurisdiction exists without complete diversity between the plaintiff and the defendants. The diversity statute requires that each plaintiff be a citizen of a different state from each defendant.

This statute [28 U.S.C. § 1332(a)(1)] and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from *each* plaintiff. Over the years Congress has repeatedly re-enacted or amended the statute conferring diversity jurisdiction, leaving intact this rule of complete diversity. Whatever may have been the original purposes of diversity of citizenship jurisdiction, this subsequent history clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant. (Footnotes omitted.)

*Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373–74, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). The requirement of complete diversity is unequivocal and is controlling whether suit originates in a federal court or is removed. If suit against Ford and Thornton could not have initially been brought in this Court, it follows that it cannot be maintained if diversity is destroyed through amendment of the pleadings.

Thus it is clear that the [plaintiff] could not originally have brought suit in federal court naming [the non-diverse defendant] and [the original diverse defendant] as codefendants, since citizens of Iowa would have been on both sides of the litigation. Yet the identical lawsuit resulted when she amended her complaint. Complete diversity was destroyed just as surely as if she had sued [the non-diverse defendant] initially. In either situation, in the plain language of the statute, the "matter in controversy" could not be "between . . . citizens of different States."

*Id.* at 374, 98 S.Ct. at 2403.

The remaining question is whether remand, rather than dismissal, is the appropriate course of action. 28 U.S.C. § 1447(c), which governs the propriety of remand, provides as follows:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

In *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the Supreme Court made clear that remand is authorized only in accordance with the express terms of this statute, and that remand on other grounds is both appealable and may be corrected by writ of mandamus. Was the instant case "removed improvidently and without jurisdiction?" When removal was perfected by Ford, diversity was complete, and the Court obtained jurisdiction; diversity was destroyed by an amended pleading filed *after* the case was properly removed. Thus, it is clear that there was nothing "improvident," and that removal was not "without jurisdiction," when it was perfected. If the phrase "without jurisdiction" refers only to the time of removal, remand in the case *sub judice* would not be authorized. In an early case which interpreted a predecessor statute to § 1447(c), however, the Court of Appeals reasoned:

> While it is the general rule that jurisdiction, once having attached, will not be divested by subsequent events, yet there is this exception to the rule: The plaintiff, after jurisdiction has attached, may so change his pleading voluntarily that the court will no longer have jurisdiction on the face of the pleading. If this is done, it then becomes the duty of the court to remand the case, if it be a removed case.

*Highway Construction Co. v. McClelland*, 15 F.2d 187, 188 (8th Cir. 1926).

The statute under interpretation, Section 37 of the Judicial Code of 1911, allowed remand or dismissal if it appeared to the satisfaction of the district court "at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court"; this statute clearly allowed the Court to remand if the lack of

jurisdiction developed after removal, so both the statute and the *McClelland* case at first blush appear to be distinguishable. Upon a more thorough inquiry, however, it appears that 28 U.S.C. § 1447(c) was intended to be only a recodification of prior statutes; there was no intent to make substantive changes in prior law. *Thermtron Products, Inc. v. Hermansdorfer, supra*, 423 U.S. at 350–51 & n.15, 96 S.Ct. 584. Thus, some courts continue to apply the *McClelland* holding when interpreting § 1447(c), and order remand when the addition of a nondiverse defendant after removal destroys jurisdiction. *E.g., Miller v. Davis*, 464 F.Supp. 458 (D.D.C.1978); *Canich v. Pacific Greyhound Lines*, 161 F.Supp. 696 (D.Ore. 1958); *Ingersoll v. Pearl Assurance Co.*, 153 F.Supp. 558 (N.D.Cal.1957). Professor Moore agrees:

> And while it is well established that once federal jurisdiction attaches, subsequent changes or occurrences normally do not divest the federal court of jurisdiction, nevertheless, amendments as to parties and subsequent procedural developments that have eliminated the basis of removal may warrant remand. If the proffered amendment would destroy federal jurisdiction, the federal court must either deny the amendment or, if granted, remand the case. (citations omitted)

Moore's Federal Practice ¶ 0.168[4–1].

■ There are sound reasons for remand rather than dismissal in this case. First, if the case is dismissed, the plaintiff will simply refile it in the state court against both Ford and Thornton, but that will require new pleadings, additional filing fees, and another service of process. The same result can be accomplished more simply through remand. Second, the plaintiff was not attempting to oust the Court of jurisdiction and force a remand by adding Thornton as a defendant. In fact, there is reason to believe that plaintiff did not learn that Thornton, rather than Ford, repossessed the truck until Ford indicated in its answer that an independent contractor carried out the repossession. Thus, in the circumstances of this case, remand will not transgress the

policy behind the rule that a plaintiff should not be allowed to force a remand by action taken after removal has been perfected. Here, it is Ford, not plaintiff, that caused the joinder of a non-diverse defendant. And third, defendant Ford did not oppose the motion to amend to add Thornton as a party defendant, and is not in a strong position to object if the amendment destroys jurisdiction and forces a remand.

This case is hereby remanded, pursuant to 28 U.S.C. § 1447(c), to the Circuit Court of Miller County, Arkansas. No costs are assessed.

IT IS SO ORDERED this 29th day of January, 1980.