**SOAM CORPORATION, Plaintiff,**

v.

**The TRANE COMPANY, Thomas E. Kelly, Inc., Thomas E. Kelly and Bruce E. Hampson, Defendants.**

**No. 77 Civ. 5551 (CHT).**

United States District Court,
S. D. New York.

Dec. 23, 1980.

Whitehorn & Delman, P. C., New York City, for plaintiff; Joseph Delman, New York City, of counsel.

Cleary, Gottlieb, Steen & Hamilton, New York City, for defendant Trane Co.; Evan A. Davis, James Duncan, New York City, of counsel.

## OPINION

TENNEY, District Judge.

This litigation was commenced in state court and was removed to this court pursuant to 28 U.S.C. § 1441. Removal was predicated on the diversity of citizenship between plaintiff Soam Corporation ("Soam"), a New York corporation, and defendant The Trane Company ("Trane"), a Wisconsin corporation. 28 U.S.C. § 1332.

After removal, and as a result of information allegedly uncovered during discovery, plaintiff was granted leave to amend its complaint to add three additional defendants and to add a claim that Trane and the new defendants had committed a fraud on the plaintiff. Because the addition of the new nondiverse parties destroys complete diversity, Trane has moved to drop the three new defendants or, in the alternative, to vacate the order which granted plaintiff's motion to join the new defendants. Plaintiff has moved for a re-

mand of the entire action to state court.[1] Both motions were referred to Magistrate Nina Gershon for report and recommendation. She recommended that defendant's motion be denied and that plaintiff's motion be granted. The Court adopts these recommendations for the reasons hereinafter discussed.

## BACKGROUND

Soam's claims arise from a written contract entered into by the parties and from an alleged oral contract between Soam and Bruce E. Hampson, who represented himself as manager of Trane's New York Sales District Office. The written contract provided that Trane would compensate Soam for its services if Trane's air conditioning equipment was accepted for use in the Moscow World Trade Center. The alleged oral contract consisted of an agreement made by Hampson agreeing to compensate Soam for its services on behalf of Trane.

Following the removal of this action to federal court, Soam discovered that Hampson was not employed by Trane but by Thomas E. Kelly, Inc. ("Kelly, Inc."). Furthermore, Trane's purported New York District Office was revealed to be the office of Kelly, Inc., a franchise of Trane. It was also alleged that Hampson, acting for Kelly, Inc., was in direct competition with Soam for Trane's commissions from the Moscow World Trade Center contract. Soam therefore moved for leave to amend its complaint to add Hampson, Kelly, Inc., and Thomas E. Kelly personally, as defendants. Soam also sought to add a cause of action charging that Trane and the new defendants fraudulently represented that Hampson was an employee of Trane, and that in reliance on this representation, Soam performed services at the behest of Hampson while Hampson and the Kelly defendants were competing with Soam for Trane's commissions. Over the defendant's objections that the amended complaint raised independent issues that should be raised by plaintiff in a

separate action, the Magistrate found that the issues involved were so intertwined that they should be tried in a single action. Accordingly, the motion to amend was granted.

Because of the resulting loss of diversity, Trane moved under Federal Rule of Civil Procedure ("Rule") 21 to drop the new defendants from the action or, in the alternative, to vacate the order permitting the filing of an amended complaint joining them. As noted above, Magistrate Gershon recommended denial of this motion, and recommended the granting of plaintiff's motion to remand the entire case to state court.

## ARGUMENTS

While the defendant objects to the Magistrate's Report and Recommendation, the plaintiff, not surprisingly, urges the Court to adopt the Magistrate's rulings. Both parties rely in part on 28 U.S.C. § 1447(c) which sets out the exclusive grounds upon which an action removed to federal court can be remanded. Section 1447(c) provides, in relevant part:

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . . .

The defendant contends that this provision prohibits the remand to state court of any case removed to federal court if such removal was proper at the time it was made. Relying on *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), discussed *infra*, Trane asserts that only the circumstances *at the time of removal* may be considered in determining whether the case "was removed improvidently and without jurisdiction." According to the defendant, the Second Circuit has "a long standing rule" that joinder of non-diverse parties should not result in a remand unless such parties are deemed indispensible. Trane thus argues that the district court may re-

1. Plaintiff's motion included, in the alternative, a request that judgment be awarded against all the defendants for failure to timely answer the amended complaint. This motion is discussed in note 10 *infra*.

quire the retention of all parties to the amended complaint and determine all claims, pursuant to 28 U.S.C. § 1441(c).[2] Finally, defendant argues that the plaintiff's motion to amend the original complaint should have been denied. In Trane's view, "it is clear that courts in this Circuit, as well as the Federal Rules of Civil Procedure, place greater weight on the preservation of the federal forum than on consideration of judicial economy." Defendant's Objections to Magistrate's Report and Recommendation ("Defendant's Memorandum") at 9. Trane thus contends that Soam should be required to bring its new cause of action in state court.

The plaintiff argues that under 28 U.S.C. § 1447(c), a case removed to federal court may be remanded if an impropriety or jurisdictional flaw appears at any time before a final judgment is rendered. In plaintiff's view, the additional defendants and cause of action are not at all "separate and independent" and should be included in the main case. Because the amendment was proper and diversity jurisdiction is now destroyed, Soam contends that the entire action must be remanded to state court.

## DISCUSSION

This case raises two closely connected issues. First, does a district court have discretion to remand a case to state court once it has been *properly* removed pursuant to 28 U.S.C. § 1441? Second, may a district court allow an amendment that joins parties whose presence destroys the complete diversity upon which jurisdiction in the federal court was based? It should be kept in mind that the statutes conferring both diversity and removal jurisdiction are to be strictly construed. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 377, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978) (diversity jurisdiction); *Irving Trust Co. v. Century Export & Import, S. A.,* 464 F.Supp. 1232, 1236 (S.D.N.Y.1979) (removal jurisdiction).

Defendant has invoked *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), which involved the scope of appellate review, pursuant to 28 U.S.C. § 1447(d),[3] over a district court's decision to remand a case that had been removed to federal court. There, a district court judge had remanded the case to state court because his overcrowded docket would not allow the parties to have a speedy decision on the merits of their claims. Section 1447(d) precludes appellate review of a remand order, with one narrowly defined exception not applicable in this case. However, the Supreme Court held that because section 1447(c) established the exclusive grounds for remand, the appellate court could entertain a suit in mandamus when a district court remands a case on grounds other than those authorized by section 1447(c).

Although the issue raised in *Thermtron* differs from the issue raised here, the Supreme Court's discussion of section 1447(d) in that case necessarily included a discussion of the legislative history of section 1447(c) as well. The present statutes grew out of the Judiciary Act of 1875, 18 Stat. 472,[4] and the Act of March 3, 1887, 24 Stat.

---

2. § 1441. Actions removable generally

   .     .     .     .     .

   (c) Whenever a separate and independent claim or cause of action, which would be removable if sued alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

3. § 1447. Procedure after removal generally

   .     .     .     .     .

   (d) An order remanding a case to the State court from which it was removed is not re-viewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

Section 1443 creates an exception for cases raising civil or equal rights claims.

4. Section 5 of the Judiciary Act of 1875 provided:

   That if, in any suit commenced in a circuit court [now a district court] or removed from a State court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that

553.[5] These earlier statutes evolved into 28 U.S.C. §§ 80[6] and 71[7] (1946 ed.), and later became section 1447(c) and (d), respectively, when Congress revised the Judicial Code in 1948 and then amended their revisions in 1949.

Section 71 of the old Code prohibited appellate review of a decision by a district court to remand a case to the state court from which it had been removed after the district court had found that the case had been "improperly removed." Section 71, by itself, gave no indication of what was meant by the term "improperly removed." A court cannot address section 71, however, without also looking at section 80 of the old Code. In *Employers Reins. Corp. v. Bryant*, 299 U.S. 374, 380, 57 S.Ct. 273, 276, 81 L.Ed. 289 (1937), the Supreme Court stated that sections 71 and 80 "are *in pari materia*, [and] are to be construed accordingly, rather than as distinct enactments . . . ."

Section 80 was identical to the original remand statute, section 5 of the Judiciary Act of 1875, except that it did not provide for judicial review of a remand order. Both statutes provided that *whenever* it should appear to the satisfaction of the court that "such suit does not really and substantially involve a dispute or controversy properly within [its] jurisdiction," the court "shall dismiss the suit or remand it to the court from which it was removed as justice may require . . . ."

Defendant's contention that *Thermtron* permits only the circumstances *at the time of removal* to be considered in determining whether the case "was removed improvidently and without jurisdiction" is overly confining and misinterprets Congress' intent in drafting the statute which defines the necessary conditions for remand. Although defendant's view has been adopted by at least one post-*Thermtron* court, *see Skinner v. American Oil Co.*, 470 F.Supp. 229, 234 (S.D.Iowa 1979) ("This court will look solely at the pleadings as they existed at the time of removal"), and seemingly

such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under *this act, the said circuit court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed as justice may require, and shall make such order as to costs as shall be just; but the order of said circuit court dismissing or remanding said cause to the State court shall be reviewable by the Supreme Court on writ of error or appeal, as the case may be.*

**5.** Section 2 of the Act of March 3, 1887 provided in part:

Whenever any cause shall be removed from any State court into any circuit court of the United States [now district court], and the circuit court shall decide that the case was improperly removed, *and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the circuit court so remanding such cause shall be allowed.*

**6.** 28 U.S.C. § 80 (1946 ed.) which was effective until the 1948 revision, provided:

If in any suit commenced in a district court, or removed from a State court to a district court of the United States it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs *or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just.*

**7.** 28 U.S.C. § 71 (1946 ed.), which was effective until the 1948 revision, provided in relevant part:

Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal from the decision of the district court so remanding such cause shall be allowed.

endorsed by another,[8] this Court finds nothing in *Thermtron* which sets forth the argument advanced by the defendant. In *Thermtron*, the Supreme Court stated that:

> The plain intent of Congress, which was accomplished with the 1949 amendment, was to recodify the pre-1948 law without material change insofar as the provisions of §§ 71 and 80 of the old Code here relevant were concerned.... What this Court said in *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, [57 S.Ct. 21, 81 L.Ed. 386] (1937), with respect to the *in pari materia* construction of §§ 71 and 80 of the pre-1948 Judicial Code is equally true today of §§ 1447(c) and (d) in light of the identical substantive content of the two sets of statutory provisions.

*Thermtron Products, Inc. v. Hermansdorfer, supra*, 423 U.S. at 350–51 n.15, 96 S.Ct. at 592.

This Court is convinced that section 1447's phrase, "removed improvidently," as derived from pre-1948 sections 71 and 80, means without foresight and without providing for *future* events. The Supreme Court in *Thermtron* dismissed the importance of the change of the word "improperly" in the old law to "improvidently" in the new law. 423 U.S. at 350–51 n.15, 96 S.Ct. at 592. While this change in wording may indeed be of "no moment," it does seem to emphasize section 1447's reliance on the language of section 80 which authorized remand "whenever it should appear" that the suit does not involve a dispute "properly within [its] jurisdiction."

In *Manas y Piniero v. Chase Manhattan Bank, N.A.*, 443 F.Supp. 418 (S.D.N.Y.1978), the court found that the legislative history of § 1447(c), as described in *Thermtron*, "shows that it was intended also to carry forward without change prior statutory law under which this court has discretion to remand improperly removed cases *even though jurisdiction is present*." *Id.* at 421 (emphasis added). Although *Manas* is clearly distinguishable from the case at bar, considerations stressed by that court are also relevant here. *Manas* involved litigation which had been removed to federal court two years after its commencement in state court, and after summary judgment had been denied to the defendant and that denial had been affirmed. While jurisdiction was present, the court found that the original removal had been improper in light of the amount of time elapsed and the extent of the state proceedings. In remanding the case, the court noted, however, that three principal considerations should be weighed by a court faced with a motion to remand: judicial economy, comity and prejudice. In *Manas*, as here, each of these considerations weighed heavily in favor of remand. In particular, the *Manas* court found that

---

8. *In re Merrimack Mutual Fire Ins. Co.*, 587 F.2d 642 (5th Cir. 1978), involved appellate review of an order by a district court judge to allow the amendment of a complaint to add non-diverse defendants whose addition thereby necessitated remand. The defendant relies on a footnote by the Court of Appeals:

> The Bank argues that even if [new defendants] are not indispensable, it lay within the district judge's discretion to allow their joinder even though it destroyed diversity. All of the authorities cited supporting this proposition pre-date *Thermtron, see Harper Fin. Corp. v. Hanson Oil Corp.*, 403 F.Supp. 1405 (W.D.Tenn.1975); *Ingersoll v. Pearl Assurance Co.*, 153 F.Supp. 558 (N.D.Cal.1957); 1A *Moore's Federal Practice* ⸿ 0.161[1], at 209 (2d ed. 1974); and *Thermtron* makes it clear that such discretion is not vested in the district judge.

*Id.* at 647 n.8.

The court in *Merrimack*, however, did not reach the substantive question of whether the amendment adding the new defendants was proper, nor did it address the question of whether the original removal was proper *at the time of removal*. Rather, the court held that, under the Supreme Court's holding in *Thermtron*, it did not have jurisdiction to hear the appeal. The court noted that

> the Supreme Court has ... made it clear that it was not announcing a plenary rule that review of remand orders can be had whenever the court of appeals is able to ascertain that error has occurred. Instead it is now clear that *Thermtron* announced only a narrow rule that was intended to be limited to the extreme facts of that case, in which a district judge stated openly that he was relying on a non-1447(c) ground for remand.

*Id.* at 647.

the parties have taken roughly equal advantage of the federal discovery procedures, and it appears that both parties have taken all the discovery they want. Under the circumstances, remand will not prejudice either side; there is no fundamental unfairness in sending both parties back into state court somewhat better prepared for trial than they might have been had they been limited by state rules during the discovery phase of their litigation.

*Id.* at 422. *See Irving Trust Co. v. Century Export & Import S. A.,* 464 F.Supp. 1232 (S.D.N.Y.1979).

■ The decision of this court does not rest, however, on statutory interpretation alone. Even were the statute to be read as Trane proposes, and only the circumstances existing at the time of removal were to be examined to determine if removal had been "improvident," the result should be the same. At the time that the plaintiff brought this suit in state court, the complaint named Trane as defendant in the first cause of action, and Trane *through its New York Office and Hampson* as defendant in the second cause of action. Failure to expressly name Hampson, Kelly, and Kelly, Inc. as defendants, though a serious omission, should not be a fatal error. The Supreme Court in *United States v. Houghham,* 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8 (1961), found that Rule 15 of the Federal Rules of Civil Procedure was designed to "facilitate the amendment of pleadings except where prejudice to the opposing party would result," *id.* at 316, 81 S.Ct. at 17, and that "the Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id.* at 317, 81 S.Ct. at 18 (citation omitted). As this Court sees no prejudice to the concerned parties, the amendment to plaintiff's complaint will be treated as if it were part of the original complaint, pursuant to Rule 15(c).[9]

There has been no showing that the additional defendants were joined for the purpose of defeating diversity jurisdiction. And the evidence supports plaintiff's allegations that Kelly, Inc. represented itself as a subsidiary of Trane, with Hampson as Trane's agent, that Trane was actively involved in perpetuating this misrepresentation, and that plaintiff was ignorant of the true relationship between Trane and the Kelly defendants at the time that this suit was instituted. For example, defendant's answers to plaintiff's interrogatories demonstrate that plaintiff could have reasonably relied on a listing in the New York telephone directory indicating that the office of defendant Kelly, Inc. was Trane's New York District Office. Furthermore, Hampson's business cards, business stationery, and signature all described Hampson as the sales manager of Trane's New York District Office, located upon the premises of Thomas E. Kelly, Inc.

The circumstances here are similar to those in *Harper Fin. Corp. v. Hanson Oil Corp.,* 403 F.Supp. 1405 (W.D.Tenn.1975), where the plaintiff brought a contract claim in state court and the defendant removed to federal court on the basis of diversity of citizenship. The plaintiff then amended its complaint to add new defendants and moved to remand because diversity jurisdiction no longer existed. The court in *Harper* found that the additional defendants were not joined for the purpose of

---

**9.** Federal Rule of Civil Procedure 15(c), Relation Back of Amendments, provides in relevant part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or *attempted to be set forth in the original* pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provi-

sion is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

defeating diversity jurisdiction and that the plaintiff was not in possession of all the facts when the original suit was filed. Rather "[u]tilizing discovery for one of its intended purposes, the plaintiff learned that other parties in addition to the original defendants might be liable ... [for] a fraudulent conspiracy to interfere with contractual rights." 403 F.Supp. at 1407. The *Harper* court therefore granted the plaintiff's motion to remand.

Notice to the original and the new defendants is another important factor in resolving a motion to add new parties. Trane was well aware of its connection with the other defendants and they were mentioned throughout the original complaint. The Kelly defendants, as well as the original defendant Trane, were therefore on notice about the commencement of the action and their potential involvement.

In *Adams v. Beland Realty Corp.*, 187 F.Supp. 680 (E.D.N.Y.1960), the defendants were also found to be "before the court." In that case, a negligence action had been removed to federal court and the court allowed an amendment to the original complaint which added non-diverse parties, necessitating a remand to state court. The court allowed this amendment notwithstanding the fact that the statute of limitations had already run against the new parties.

> The granting or denial of an application to amend, in a situation where amendment may be made only by leave of the court, is within the discretion of the trial judge.... The rule is to be liberally construed on the side of allowance of amendments, particularly where the opposing party is put to no disadvantage.

*Id.* at 681–82, *quoting Green v. Walsh*, 21 F.R.D. 15, 19 (D.C.Wis.1957). Furthermore, the court found that:

> In the case at bar the parties involved knew from the beginning of the alleged claim, the defendant was given additional time to answer, all preliminary examina-

tions were conducted by both sides. Truly, the parties were before the court. 187 F.Supp. at 681.

Similarly, in *Miller v. Davis*, 464 F.Supp. 458 (D.D.C.1978), the court allowed an amendment to the complaint that added non-diverse parties who had been involved with the action, even though the amendment resulted in a remand. The court found that the plaintiff's reasons for not initially suing the new defendants were "sound reasons ... and not simply serving what is currently expedient," *id.* at 461, and that the defendants would not be prejudiced if the action were to be remanded to state court.

*Heatherton v. Playboy, Inc.*, 60 F.R.D. 372 (C.D.Cal.1973), is another case that has striking similarities to the case at bar. Ms. Heatherton brought an action in California state court against Playboy, Inc., seeking damages for the publication without her permission of her semi-nude picture in Playboy magazine. She included as defendants in her complaint, "Does I through XX, inclusive," and alleged unlawful copying, appropriation, publication, release and distribution of her picture. The defendant removed the action to federal court on the basis of diversity of citizenship. Immediately thereafter, plaintiff, a California citizen, moved to amend her complaint to substitute a California corporation for "Doe I" in her complaint. This amendment was prompted by the discovery that the California corporation was the distributor of Playboy magazine in the greater Los Angeles area.

Because plaintiff's original complaint specified distribution of the magazine as well as its publication, and because no fraudulent intent was alleged with respect to plaintiff's seeking an amendment at that time, the court held that she could amend her complaint. The court then found that the resulting loss of complete diversity necessitated remanding the case to state court. The court observed that denial of the motion to amend would have resulted in two trials that would tax the "crowded judicial calendars in both Federal and State

Court." *Id.* at 377. Furthermore, the court relied on the "general judicial rule that removal statutes are to be strictly construed *against* removal and in favor of remand." *Id.* at 378 (citations omitted) (emphasis in original).

Defendant's argument that the first cause of action could have been removed had it been brought in state court, and that, therefore, the federal court has the power to hear all claims pursuant to 28 U.S.C. § 1441(c) is without foundation. Section 1441(c) provides that "[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." The Supreme Court has noted that Congress' substitution of "separate and independent claim or cause of action" for the previous "separable controversy" as a test for removability was meant to be restrictive and to abridge the right of removal:

> Of course, "separate cause of action" restricts removal more than "separable controversy." In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word "independent" gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.... Considering the previous history of "separable controversy" ... and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), we conclude that where there is a single wrong to plaintiff for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

*American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 12–14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951) (footnotes omitted). *See Matter of Marriage of Thompson*, 450 F.Supp. 197 (W.D.Tex.1978) (the fact that one of the issues could have been tried in either state or federal court did not make that issue independent of the others).

In the present action, defendant admits that a valid contract exists for procuring the Moscow contract but denies that plaintiff did anything to earn the resulting commissions. Plaintiff, in turn, argues that its services were supplied to and through Hampson, believing him to be the New York agent of Trane. If, as alleged, Trane represented Hampson to be its representative who could act as a conduit for plaintiff's efforts, the suit should not go ahead without Hampson as a party. The very heart of plaintiff's complaint is that it provided exactly the services for which defendant contracted. The issue to be tried is whether this is in fact so. Plaintiff can prove its case in one of two ways. First, it can show that its direct services to Trane were sufficient to warrant payment of the commissions. Second, Soam can show that it relied on Trane's representations and supplied the services to Hampson, thereby satisfying the requirements of the contract as they were represented to the plaintiff. As noted in *Heatherton*, forcing the plaintiff to bring two separate actions under these circumstances would constitute a great judicial waste.

■ Finally, we come to defendant's argument that there is a "long standing rule in this Circuit that the joinder of non-diverse parties does not warrant the remand of an action to state court unless such parties are 'indispensable' within the meaning of Federal Rule of Civil Procedure 19(b)." Defendant's Reply Memorandum at 2. As pointed out by Magistrate Gershon in her Report and Recommendation, the cases relied on by the defendant are diversity cases, *not involving removal,* which hold that amendments should not be freely allowed where the effect would be to force *dismissal* of the case for lack of jurisdiction. Nothing in those cases bars this court from remanding the case at bar to state court when

the basis for federal jurisdiction has been eliminated.[10]

## CONCLUSION

The legislative history of the statutes governing remand of cases removed to the federal district courts reveals that the Court may consider the circumstances of the individual action and post-removal development in determining whether the case was "improvidently removed." The relevant factors all favor remand in this case.

Accordingly, defendant's motion to drop the non-diverse parties or, in the alternative, to vacate the Magistrate's order allowing the amendment of the original complaint, is denied. Plaintiff's motion to remand this action to the Supreme Court of the State of New York is granted.

So ordered.

---

**10.** The Court also adopts Magistrate Gershon's recommendation to deny plaintiff's motion for a default judgment for defendants' failure to timely serve an answer to plaintiff's amended complaint.

In light of the strong policy in favor of deciding cases on their merits, a dispute between counsel as to the nature and extent of an extension, which involves only a difference of a matter of days and which has caused no prejudice to plaintiff, would not be a sound basis for the award of default judgment. Magistrate's Report and Recommendation, at 3–4.