Josephine T. SMADO, Plaintiff,

v.

CRAWFORD MANUFACTURING CO., a
DIVISION OF CARLSBROOK
INDUSTRIES, INC., Defendant.

No. 85 C 5303.

United States District Court,
N.D. Illinois, E.D.

July 22, 1986.

**416**

mand the action to the Circuit Court of Cook County because Davis M. Marsh, an Illinois resident, was joined as a defendant on September 15, 1985, when plaintiff filed her amended complaint.

Thomas W. Stewart, Joseph R. Curcio, Ltd., Chicago, Ill., for plaintiff.

Edward Katze, William K. Principe, Atlanta, Ga. and Kim S. Kittrell Mitchell, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Defendant Crawford Manufacturing Co. properly removed this wrongful termination action on the basis of diversity of citizenship. Defendant is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey. Plaintiff Josephine T. Smado is a citizen of the State of Illinois. On September 16, 1985, plaintiff filed an amended complaint which added Davis Marsh, the defendant's plant manager, as an individual defendant. Davis Marsh is a resident of Illinois. The question before this court is whether Marsh is indispensable. If he is, his presence destroys diversity, and we would have to remand.

### FACTS

Plaintiff asserts that defendant wrongfully terminated her from her job as an expediter when she exercised her rights under the Illinois Workers Compensation Act to get reasonable and necessary medical care. Plaintiff alleges that she was accidentally injured on the job. She claims she was fired when she sought medical treatment and therapy which precluded her from working for approximately one hour a day.

The complaint was originally filed in the Circuit Court of Cook County on April 25, 1985. Defendant properly removed this action on June 3, 1985. Subsequently, on December 27, 1985, plaintiff moved to re-

### DISCUSSION

■ Initially, defendant contends that because plaintiff failed to file a motion to remand by December 26, 1985, as directed by a scheduling order of this court, her motion is untimely and should be denied. The motion to remand was submitted on December 27, 1985. We will not base our ruling here on such a short delay. However, plaintiff argues that because defendant did not object on December 27, 1985, to adding Davis Marsh as a defendant, the motion to remand should be granted. This court is not willing to penalize the defendants for a procedural default either, as they have obviously not consented to adding Davis Marsh as a defendant.

■ When a case has been properly removed on the basis of diversity, jurisdiction generally cannot be defeated by a change in parties, 14A Wright & Miller, § 3723 at 321 (1985), unless the non-diverse party is an indispensable party whose presence is necessary "to an adjudication on the merits." *Id.* at 323. *See also* 1A Moore's Federal Practice, ¶ 0.161 [.1–3] (1983).

■ Rule 19 of the Federal Rules of Civil Procedure provides for the "joinder of persons needed for just adjudication," and articulates the factors which determine whether a party is indispensable. The factors include the extent of prejudice to the plaintiff if the additional party is not joined, whether the court can eliminate or reduce that prejudice, and whether an adequate final judgment can be rendered without the participation of the party. The application of the rule is determined on a case-by-case basis and depends upon the specific facts and circumstances surrounding each case. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968);

*Takeda v. Northwestern National Life Insurance Co.,* 765 F.2d 815 (9th Cir.1985).

■ This court finds that no prejudice will attach to plaintiff if Davis Marsh is not added as a defendant. Plaintiff can receive an adequate final judgment without the participation of Marsh as a party because plaintiff can obtain complete recovery from Crawford if liability is established. Under long-established Illinois law, a supervisory employee is regarded as the representative of the employer. The employer is responsible for the supervisor's negligence when the supervisor issues instructions or commands which are within the scope of his or her authority. *Schillinger Bros. Co. v. Smith,* 225 Ill. 74, 80 N.E. 65 (1907). Defendant asserts that it has not suggested that Marsh acted in any way other than as an authorized agent of defendant and that his liability as a joint tortfeasor, if any, would be joint and several. Defendant also acknowledges that complete relief can be obtained against it if liability were to be found.

Plaintiff contends that plant manager Marsh is a necessary and indispensable party since plaintiff believes that Marsh was responsible for defendant's decision to fire her. Plaintiff argues that it is still unclear whether Marsh acted on behalf of the corporation when he fired her, and cites *Stanhope v. Ford Motor Co., Inc.,* 483 F.Supp. 275 (W.D.Ark.1980), as authority. In *Stanhope* the court joined the non-diverse party because the original defendant denied that the non-diverse party was its agent. Plaintiff in that case could not have gotten complete satisfaction unless the non-diverse party was joined. Here defendant has not denied that Marsh was its duly authorized agent and, moreover, acknowledges that if liability were to be found complete relief can be obtained against it. Discovery has already taken place yet plaintiff has not alleged that any new evidence pertaining to Marsh or to his capacity as duly authorized agent and supervisory employee of defendant has come to light which would tend to support her contention that Marsh is an indispensable

party and should not be dropped. *See Soam Corp. v. Trane Co.,* 506 F.Supp. 302 (S.D.N.Y.1980). This court is therefore not persuaded by plaintiff's argument.

■ Plaintiff next claims that Marsh is a necessary party in an action for retaliatory discharge where plaintiff is asking for punitive damages. *See Kelsay v. Motorola, Inc.,* 74 Ill.2d 172, 384 N.E.2d 353, 23 Ill. Dec. 559 (1978) (punitive damages allowed in an action for retaliatory discharge). The argument is that these damages are separately assessed against each individual defendant subject to evidence of their individual net worth. Both defendant and Marsh are necessary because "it is impossible for plaintiff to know which of the two defendants has a greater net worth and consequently greater exposure to the imposition of punitive damages" (plaintiff's mem. in support of motion to remand, p. 6). This court finds plaintiff's argument unpersuasive since it is obvious that defendant has a greater net worth than its plant manager.

■ Plaintiff further argues that her situation is similar to *Heatherton v. Playboy, Inc.,* 60 F.R.D. 372 (C.D.Cal.1973), where a non-diverse defendant was added after the filing of the original complaint. In *Heatherton,* plaintiff brought suit in state court against Playboy and unidentified "Does I through XX, inclusive." The case was removed to federal court because of diversity of citizenship. Then, when that plaintiff discovered the names of the magazine distributors, she amended her complaint to add those names. The *Heatherton* court stated that plaintiff was not really adding a defendant to the complaint but merely substituting the specific name of a previously unknown party. Here plaintiff suggests that she was not really adding a party but was merely substituting the specific name of Davis Marsh for the authorized agent, servant or employee listed generically in her original complaint.

Although plaintiff cites *Heatherton* as being similar to the situation at hand, *Heatherton* is clearly distinguishable. In *Heatherton,* plaintiff did not know the identity of the distributors at the time she

filed her original complaint. In the case at bar plaintiff already knew the identity of Davis Marsh and his capacity as plant manager at the time she filed her original action in state court. *See also Lopez v. General Motors Corp.*, 697 F.2d 1328 (9th Cir. 1983). Since Marsh was not an unknown party at the time plaintiff filed her original complaint, he should not be joined now.

Lastly, plaintiff argues that even if Marsh is not indispensable, judicial convenience and economy would not be served by dropping him as a party because if Marsh is dropped she will have to file a separate lawsuit against Marsh in state court. While some courts have allowed joinder of non-diverse and non-indispensable parties after removal in the interests of judicial convenience and economy, such an action will be taken only in special circumstances, such as where joinder is necessary to maintain the principles of basic fairness. *See Grogan v. Babson Bros. Co. of Ill.*, 101 F.R.D. 697 (N.D.N.Y.1984) (the court allowed the joinder and remanded largely due to a desire to consolidate a pending state court action with the removed case in order to save judicial resources in trying parallel cases—in the case at bar there is no similar pending state action); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371 (9th Cir.1980); *Boyd v. Diebold, Inc.*, 97 F.R.D. 720 (E.D. Mich.1983). Plaintiff has not shown any special circumstances which would necessitate joining Marsh in the interests of judicial convenience, economy or basic fairness, and we decline to do so. *See Filippini v. Ford Motor Co.*, 110 F.R.D. 131 (N.D.Ill. 1986). Furthermore, the Seventh Circuit has indicated that economy does not justify joinder of non-diverse parties because complete diversity is necessary to maintain jurisdiction. *Kanzelberger v. Kanzelberger*, 782 F.2d 774 (7th Cir.1986).

Rule 21 of the Federal Rules of Civil Procedure gives the court discretion to add or drop parties on any terms that are just. It states:

> Misjoinder of parties is not grounds for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Defendant points us to *Render by Render v. Consolidated Rail Co.*, 585 F.Supp. 630 (N.D.Ill.1984), where Rule 21 was used to drop a non-diverse party. In *Render*, the court held that a nondiverse party who was joined in an amended complaint after the original complaint was properly removed was a proper party but not indispensable. In determining whether the court had jurisdiction and whether remand was necessary, the court considered the facts of the case as they were at the time of removal and ignored the joining of a non-diverse but not indispensable party in the amended complaint. *Id.* at 631. The *Render* court denied the plaintiff's motion to remand and dropped the non-diverse joint tortfeasor on its own initiative in order to preserve diversity of citizenship. Fed.R.Civ.P. 21. *See also Boyd*, 97 F.R.D. at 723. Such initiative is particularly appropriate when the court has reason to doubt the motive underlying plaintiff's actions. While the addition of parties who are proper or indispensable would normally be grounds for remand, the court may refuse to remand if it finds that the nondiverse parties were joined solely to effectuate a remand. *Grogan, supra.* Plaintiff has not persuaded the court that her motive for joining March was other than to effectuate a remand.

## CONCLUSION

This court finds that Davis Marsh is not an indispensable party pursuant to Fed.R. Civ.P. 19. We therefore drop him as a defendant and preserve diversity of citizenship. The court finds that no prejudice will attach to plaintiff from Marsh's dismissal from this case, since plaintiff could obtain complete relief from defendant Crawford.